CLINE *vs.* CALDWELL.

APPEAL FROM THE PARISH COURT OF NEW-ORLEANS.

The party, who intends to *except*, ought to state clearly, at the time of trial, his intention to do so.

This was an action for damages on a breach of contract, in which a verdict and judgement were rendered for the plaintiff, and from which the defendant appealed. On the trial of the cause, the counsel for the appellant submitted to the court two motions for instructions to the jury which the judge refused to give. Upon this refusal, the counsel did not state that it was his intention to except, but handed the motions in writing, to the clerk, who placed them on file. In answer to a rule taken on the judge, to show cause why a *mandamus* should not issue, requiring him to sign the exceptions to his refusal to give the instructions required; the judge stated, that upon his refusal, he was not required to give his opinion in writing, nor was any bill of exceptions exhibited to him, as provided by the 448*th and* 449*th articles of the Code of Practice.*

PORTER, J., delivered the opinion of the court.

A rule has been taken, on the judge of the Parish Court, to show cause, why he should not affix his signature to two bills of exception taken on the trial in the court below.

The judge has shown, for cause, that he never refused to sign a bill of exceptions in this, or any other case; that it is true, he refused to charge the jury according to the wishes of the defendant, but that, on his refusal to do so, no application was made to him to give his opinion in writing, as provided by the 517*th article of the Code of Practice;* nor was any bill of exceptions exhibited to him, as provided by 488*th and* 489*th articles of said Code.*

It is shown that, after the evidence was gone through, and the arguments of counsel closed, the defendant submitted to

·EASTERN DIS.
*April,* 1832.

the court two motions for instructions to the jury, both of which were refused by the court. Whereupon, the counsel handed the said motions, in writing, to the clerk, and were by him retained.

According to the practice of the common law courts, it is sufficient, if the substance of the exception be reduced to writing during the trial, and it may be drawn out formally and signed after. Such was the course pursued in this state previous to the Code of Practice. Whether the provisions of that work do not still permit the same practice, need not be inquired into. For in all systems of law which recognize this mode of proceeding, the party ought to state clearly, at the time of trial, that he intends to except. The reasons for requiring him to do so are obvious, and need not be stated. In the instance before us, the party did not express such intention; he says, indeed, he contemplated doing so, and it is probable he did. But the communication of that intention, in our opinion, comes too late.

The party who intends to *except* ought to state clearly at the time of trial his intention to do so.

Let the rule be discharged.

*Worthington,* for appellant.    *Eustis,* for appellee.