EASTERN DIST.
*April*, 1839.

BAPTISTE F. W. C.
*vs.*
SOULIE F. W. C.

Although parole evidence is not admissible to prove a written contract, yet it will be received as proof of acts done by the parties in execution of it.

BAPTISTE, F. W. C., *vs.* SOULIE, F. W. C.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

The jury are the best judges of the facts submitted to them; and unless on

examination of the evidence shows error, to induce a reversal, the judgment will not be disturbed.

The record and judgment of a suit between other persons and the plaintiff, are not admissible in evidence, except to show that such judgment was rendered; but the parole evidence, on which it was obtained, cannot, because it forms part of the record, be received as proof in another suit.

This is a redhibitory action, in which the plaintiff seeks to rescind the sale of two slaves made to her by the defendant, and to have her note for the price, amounting to nine hundred dollars returned, and for damages.

She alleges, the slaves were afflicted with a pulmonary disease, at the time of sale, which was known to the seller, but which she fraudulently concealed, and of which the slaves died shortly after their delivery, following the sale.

The plaintiff further alleged, she had been sued on the note in question, by Miramond, O'Duhigg & Co., to whom the defendant had transferred it. She prays for judgment, restoring to her the note she gave as the price of said slaves, together with all the interest and cost recovered from her, in the suit of Miramond, O'Duhigg & Co., and for two hundred dollars in damages.

The defendant pleaded a general denial to the material allegations in the petition.

On the trial, many witnesses were examined; and the record of the suit of Miramond, O'Duhigg & Co., against the plaintiff in this case, on her note given for the price of the slaves in question, was by her counsel offered in evidence, to which the defendant's counsel made opposition, on the ground that the defendant was no party to that suit. The opposition was sustained, and the plaintiff took her bill of exceptions.

The cause was submitted to a jury, on the evidence adduced by the parties, who returned a verdict for the defendant, and the plaintiff appealed from the judgment rendered thereon.

*D. & J. Seghers,* for the plaintiff.

EASTERN DIST.     *Pichot, contra.*
*April,* 1839.

BAPTISTE F.W.C.     *Rost, J.,* delivered the opinion of the court.
vs.
SOULIE F.W.C.     This is a redhibitory action, for the rescission of a sale of
a mulatto woman and her child, on the ground that before
and at the time of the sale, the said slaves were, to the
knowledge of the defendant, affected with a pulmonary dis-
ease, of which they both died.

The defendant admits the sale, pleads the general issue,
and the prescription of one year.

The jury are      This cause was tried by a jury, who gave their verdict in
the best judges
of the facts sub- favor of the defendant, and the motion for a new trial, made
mitted to them; by the plaintiff, having been overruled, she appealed.
and unless an
examination of      The questions involved in the case are questions of fact,
the evidence
shows error to which the jury had better opportunities to decide than we
induce a rever- can possess ; and after a careful examination of the evidence
sal, the judgment
will not be dis- submitted to them, we see nothing which could induce us to
turbed.
The record reverse the judgment.
and judgment of
a suit between      The plaintiff took a bill of exceptions to the refusal of the
other persons
and the plaintiff, court to admit in evidence the record of a suit, by
are not admissi- Miramond, O'Duhigg & Co., against Marcelette Baptiste and
ble in evidence
except to show Widow Ferdinand.
that such judg-
.ment was ren-      The proceedings had no reference to this suit, and the only
dered; but the object in attempting to introduce them, was to introduce
parole evidence
on which it was with them the testimony of Doctor Fortin, taken in that
obtained, cannot, court, and on file in the record. The attempt was clearly
because it forms
part of the re- illegal. A record may be introduced in evidence, to show that
cord, be receiv-
ed as proof in a judgment was rendered, but the parole evidence upon which
another suit. it was obtained cannot, because it forms part of the record,
be received as proof in another suit. If in any particular
case such evidence is admissible, it is so *per se* on other
grounds, and independently of the record to which it is
attached. We think the judge did not err.`

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Parish Court be affirmed, with costs.