## LESASSIER *vs.* DASHIELL.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT FOR THE PARISH OF IBERVILLE, JUDGE NICHOLLS, OF THE SECOND DISTRICT, PRESIDING.

Where the absence of a witness is not accounted for, and he is not dead, *a note* of his testimony, not signed, is *inadmissible* in evidence.

A document signed by *L. for B. Z. C.,* register of the land-office, is *inadmissible* in evidence. Nothing shows that the register may act by proxy or deputy; or that he delegated his powers to another to affix his signature.

The defendant, under an averment to rescind the sale to him by the plaintiff, cannot offer outstanding titles in others in evidence, when he is in possession. If he was in danger of eviction, the most he could do would be to withhold the price until security was given.

This case was before the court and remanded, at the March term, 1839. *See* 13 *Louisiana Reports,* 151.

There was intervention filed by O'Duhigg & Chategnier, to whom the notes in suit had been transferred *pendente lite.*

The district judge rejected all the matters and evidence set up in defence, for a rescission of the sale ; and gave judgment for the intervenors against the defendant, for the amount of the notes, and he appealed.

*Lobdell,* for the appellant, insisted that the plaintiff, Lesassier's title, which he sold and conveyed to the defendant, was defective, and the land so encumbered with mortgages and servitudes, that the sale ought, in law, to be rescinded, and the notes and money paid, returned.

*Winchester and Ives,* contra.

*Bullard, J.,* delivered the opinion of the court.

The defendant being sued on his promissory note, pleaded that it was given, together with others, for the price of a plantation and slaves, sold to him by the plaintiff. He alleges, that he is not bound to pay the same, because of a considerable deficiency of the land and on account of other vices and defects, which, if he had foreseen, he would not have purchased, to wit., that 1st, He cannot become a stockholder of a bank, nor obtain a loan upon mortgage of the property. 2d, That the property is encumbered with charges and servitudes not apparent, of which plaintiff made no disclosure at the time of the sale, and he specifies one in favor of Dr. Guito and wife. 3d, That there exists on the property a tacit mortgage in favor of the heirs of Monier, and in favor of the minor Luke Lesassier. 4th, The unsoundness of two slaves. The defendant claims a rescission of the sale, and that the part of the price already paid, may be refunded, together with damages. In a supplemental answer, the defendant charged his vendor, the plaintiff, with a fraudulent concealment of these deficiencies and vices. O'Duhigg & Chategnier, to whom the note was assigned, *pedente lite,* inter-

vened, and judgment having been rendered in their favor, the defendant prosecutes this appeal.

EASTERN DIST.
February, 1840.

LESASSIER
vs.
DASHIELL.

This case has been already before this court. (See 13 Louisiana Reports, 151.) It was then remanded for a new trial, which was followed by the same result. We concur with the court below in the opinion, that there is not sufficient evidence of a fraudulent concealment, to entitle the defendant to the relief he asks. It is not pretended that there is any material deficiency in the front tract; but it is contended that instead of four hundred arpents of back lands conveyed, there is found to be less than one hundred, which was vacant and liable to be entered under the pre-emption laws. By the act of sale it was agreed that, "in case the title to the said second concession should not be found to be recognized, or confirmed by the United States, the said Timoleon Lesassier binds himself to pay for the purchase thereof, under the existing laws relative to pre-emption rights, &c., for the quantity of four hundred arpents ; but if there can be obtained a greater quantity than four hundred arpents, then the acquisition of the surplus to be at the expense of the present purchaser."

This appears to us a special modified warranty, and must conclude the parties, unless it be shown that there was fraud in the vendor ; which, we have already said, the defendant has failed to establish.

The defendant next complains of the servitude as it is called, which is claimed by Dr. Guito and his wife. The act of sale sets forth the usufruct granted to Dr. Guito and his wife during their natural lives. If by any act under private signature, those persons should claim any thing more than the right of occupation set forth in the deed, and to which the defendant assented, it is obvious that it would not be obligatory upon him.

The general legal mortgage on all the property of T. Lesassier, resulting from his appointment as tutor of Luke Lesassier, appears to have been released by the advice of a family meeting, and a special mortgage accepted in lieu of it. Whatever may hereafter be the result of a suit by which the

EASTERN DIST.
February, 1840.

LESASSIER
vs.
DASHIELL.

minor on arriving at the age of majority seeks to annul that proceeding, we are of opinion it cannot affect the rights of the defendant, who purchased under the faith of these proceedings, apparently sanctioned by the Probate Court. See the case of Casanova's Heirs vs. Avegno. 9 *Louisiana Reports*, 192.

Our attention has been called to several bills of exceptions. The first was taken to the refusal of the judge to permit the notes of the testimony of a witness, taken on a former trial, to be used in evidence. We think the court did not err. The

*Where the absence of a witness is not accounted for, and he is not dead, a note of his testimony, not signed, is inadmissible in evidence.*

absence of the witness was not accounted for ; and a simple note of the testimony of a witness, not signed by him, is not equivalent to a deposition, and cannot be used except in a case of necessity, as of the death of the witness.

The next bill of exceptions was taken to the rejection as evidence in the cause, of a document purporting to be signed by Lafferanderie, for B. Z. Canonge, register of the land-office.

*A document signed by L., for B. Z. C., Register of the Land-office, is inadmissible in evidence. Nothing shows that the Register may act by proxy or deputy, or that he delegated his powers to another to affix his signature.*

The court did not err. Nothing shows that the register of the land-office may act by proxy, or that he had delegated his powers to the person whose signature was affixed to the certificate.

Lastly, the defendant offered in evidence, sundry grants and Spanish plats, to show that the original plaintiff did not own and possess a part of the land sold to the defendant, but that the title was in other persons. The documents were objected to and refused, on the ground that they could not be received under the pleadings, and because the plaintiff had no notice of the defendant's intention to set up these titles in

*The defendant, under an averment to rescind the sale to him by the plaintiff, cannot offer outstanding titles in others in evidence, when he is in possession. If he was in danger of eviction, the most he could do would be to withhold the price until security was given.*

conflict with the lands sold by Lesassier ; and, that an outstanding title, however it might authorize the withholding of the price, furnishes no ground for the rescission of a sale. The defendant, therefore, took a bill of exceptions.

We concur with the court below in its view of this subject. The purchaser appears to have been in the undisturbed possession of the property sold, and had been evicted of no part of it. Even if suit had been already instituted against him to recover a part or the whole property, with manifest danger of eviction, the most he could have required would have been security to make good the warranty.

Upon the whole, after an attentive consideration of this cause upon the different points submitted, we conclude that the defendant has failed, to make out a case for the relief he asks. (The court below properly refused to transfer the case to the District Court of the United States. No security was offered according to the act of congress.)

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.