transmitted to him by occasional private conveyances, and not sent through the other post-office.

It is, therefore, ordered, adjudged and decreed, that the judgment of non-suit be annulled and reversed ; and that the plaintiffs recover from the defendant the sum of five hundred dollars, with interest at the rate of five per cent. per annum from January 18, 1839, until paid ; and three dollars, the cost of protest, and the costs in both courts.

LOPEZ'S WIDOW AND HEIRS *vs.* BERGHEL, F. W. C.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, FOR THE PARISH OF
EAST BATON ROUGE, THE JUDGE THEREOF PRESIDING.

Evidence of the repeated acknowledgments of the maker of a note that he would pay it, is admissible to prove its execution, when the subscribing witness is incompetent to testify, from his relationship to one of the parties.

But where the defendant expressly alleges his signature to the note sued on, to be *forged*, evidence of his acknowledgment will not be admitted, under article 325, of the Code of Practice.

The testimony of a deceased witness, taken in writing on a former trial, is admissible in a subsequent one.

This is an action instituted by the widow and heirs of Manuel Lopez, deceased, against the defendant, a free woman of color, to annul the sale of a lot of ground, in the town of Baton Rouge, by their ancestor's debtor, Gregorio Berghel, the 25th January, 1833, on the ground that it is false, simulated and fraudulent.

The plaintiffs show, that in January, 1834, they obtained a final judgment against said G. Berghel, on an obligation given by him to the late Manuel Lopez, in his life time, on

the 22d of August, 1825, for loaned money ; said judgment amounting to five hundred and thirteen dollars, with interest and costs : That execution has issued on said judgment, and no property can be found : That the sale of the lot in question was made to avoid payment of this debt, and after it became due, and is fraudulent, null and void ; and they pray that it be annulled, and the property made liable to their claim.

The defendant pleaded a general denial. Denied specially, that any community of property ever existed between the widow and her late husband ; and averred, that the sale in question was *bona fide* and valid, and for a good and valuable consideration. She denied, that the judgment set up as evidence of the plaintiffs' demand could have any effect against her, or that Berghel was in any manner indebted to plaintiffs ; that the debt on which it was obtained was barred by the prescription of five years, &c.

On these pleadings and issues the parties went to trial. There was a verdict and judgment in favor of the plaintiffs at the first trial, but which was reversed, and the case remanded by this court, at its April term, 1838. See 10 *Louisiana Reports.*

On the return of the cause, there was another verdict and judgment for the plaintiffs, and a new trial granted.

At the next trial there was a verdict for the defendant, which was approved by the court, and from judgment rendered thereon, the plaintiffs appealed.

The case turns entirely on a question of law, embodied in a bill of exceptions, and which is fully stated in the opinion of this court.

*R. N.* and *A. N. Ogden*, for the plaintiffs and appellants.

*Elam*, contra.

*Bullard, J.*, delivered the opinion of the court.

This case was before us at a former term, and was then remanded for a new trial. (See 10 *Louisiana Reports.*) The result was a second verdict for the plaintiffs, which was set

---

*Margin:* EASTERN DIST.
*March,* 1840.

LOPEZ'S WIDOW
AND HEIRS
*vs.*
BERGHEL, F.W.C.

EASTERN DIST. aside by the District Court; and, on a subsequent trial, a
March, 1840. verdict having been rendered for the defendant, followed by

LOPEZ'S WIDOW a judgment in her favor, the plaintiffs appealed.
AND HEIRS          A bill of exceptions, to which our attention has been
vs.
BERGHEL, F.W.C. drawn, shows, that on the last trial the plaintiffs offered
Joseph Taquino as a witness, to prove that he had frequently
presented the note on which the judgment was rendered
against Gregorio Berghel, who had always acknowledged it
to be his note, and promised to pay it; and that these
acknowledgments and promises were made at different
times, within five years from its maturity, to wit, in 1828,
and afterwards and before the said Gregorio Berghel sold
the property in question. That these acknowledgments and
promises were made in presence of the defendant. The
plaintiffs offered to prove further, by said witness, that the
consideration of the note was a loan to Manuel Lopez. But
evidence of these acknowledgments and promises was
rejected, on the ground that the note was not first proved.
Whereupon the plaintiffs' counsel offered the note in evidence,
but its introduction was opposed, on the ground that there
was a subscribing witness, whose signature should be proved.
The plaintiffs then offered to prove the signature of the sub-
scribing witness, by G. Berghel, who, on his *voire dire* stated,
that he was the brother of the witness, and son of the defend-
ant, whereupon he was objected to by this defendant as
incompetent. It appears, that the subscribing witness was
the son of the defendant, and the reputed son of the maker
of the note, G. Berghel.

It is necessary to premise, that this court held, on the
former appeal, that the defendant had a right to controvert
the plaintiff's demand against her vendor, and even to avail
herself of the same defence, which he had in vain set up.
The answer of the defendant, among other things, denied
that Berghel was in any manner indebted to the plaintiffs;
and alleged that the note was prescribed; that no considera-
tion was given, and that Berghel did not execute the note,
and was in no measure liable to pay the same. There is a
further plea of a prescription of three years.

We are of opinion the court erred in rejecting the evidence offered to prove the execution of the note by the repeated acknowledgments of Berghel. The note was signed by an ordinary mark, and attested by a witness, who was incompetent to testify in the case from his relationship to one or both of the parties. The evidence offered would have been better than the proof of the signature of the subscribing witness to an ordinary mark.

The case of Plicque et al. *vs.* La Branche, 11 *Louisiana Reports*, relied on by the defendant, was quite different from this. In that case, the signature was expressly alleged to have been forged and counterfeited, and we held, that evidence of acknowledgments was not sufficient. The proof offered in this case goes to show, that the defendant's vendor was indebted to the plaintiffs, at the time of the sale, by note, apparently prescribed, but which he had repeatedly admitted was still due, and promised to pay.

We have been asked to render a final judgment upon the evidence given on a former trial. This we think cannot be done. The statement of facts does not show that the same evidence was given on the last trial, and the case must go back for trial before another jury.

We are also of opinion, that the evidence of a witness since deceased, taken down in writing on a former trial, is admissible.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed; that the case be remanded for a new trial, with instructions to the jury not to refuse to admit evidence of the repeated acknowledgments of G. Berghel, as set forth in the bill of exceptions, and that the appellee pay the costs of this appeal.

EASTERN DIST.
*March,* 1840.

LOPEZ'S WIDOW
AND HEIRS
*vs.*
BERGHEL, F. W. C.

Evidence of the repeated acknowledgments of the maker of a note that he would pay it, is admissible to prove its execution, when the subscribing witness is incompetent to testify, from his relationship to one of the parties. But where the defendant expressly alleges his signature to the note sued on to be *forged*, evidence of his acknowledgments will not be admitted, under article 325, of the Code of Practice.

The testimony of a deceased witness, taken in writing on a former trial, is admissible in a subsequent one.