## FLORANCE *v.* BACHEMIN et al.

The admission in evidence of a record of the proceedings in another action, will not be considered as introducing in evidence the testimony upon which the judgment on those proceedings was rendered.

A judgment rendered on the confession of a father in favor of his children, is not evidence against third persons. *Per Curiam:* A father cannot be heard as a witness for or against his child. C. C. 2260.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Micou*, for the appellant. *Grailhe*, for the defendants. The judgment of the court was pronounced by

KING, J. *Florance* obtained a judgment against *Jacques Bachemin*, which was executed upon several lots of ground of the debtor. At the sheriff's sale the property seized was adjudicated to *Jacques Bachemin* and *Theodule Bachemin*, children of the judgment debtor, who refused to pay the price of adjudication, on the ground that they had a mortgage on the property superior to that of the plaintiff in execution, and for a sum exceeding the amount of their bid. The sheriff proceeded to readvertize the property for sale, whereupon the

purchasers took a rule upon him and upon *Florance*, to show cause why a· title     FLORANCE
should not be made to them of the property adjudicated.  In their application     *v.*
    BACHEMIN.
for the rule they allege, that a judgment has been rendered in their favor for
$3995 88, against their father and natural tutor, *Jacques Bachemin*, recognizing
a tacit mortgage in their favor for that sum, which mortgage originated on the
25th of June, 1833.  Other averments were made, which it does not become
important to notice.  On the day fixed for the trial the counsel of *Florance*
was absent, and the rule was set down for a later day, when the counsel of
*Florance* again failed to appear.  In his absence the counsel for the plaintiffs in
the rule proceeded to a trial, which resulted in a judgment making the rule
absolute, and ordering the sheriff to execute a deed to *Jacques*, and *Theodule
Bachemin*, for the property adjudicated to them.  *Florance* moved for a new
trial, on the following grounds : 1st.  That he was not notified of the continuance
of the rule, and that his counsel was unable to ascertain the day assigned for its
trial, although he had examined the minutes of the court for that purpose.
2d.  That testimony adduced on the trial was illegal and inadmissible.   3d.  That
the parties had no right to· proceed by· rule· or to suspend a sale by such pro-
ceedings.   The motion was overruled, and *Florance* has appealed.   The con-
clusion at which we have arrived upon the second ground urged by the appel-
lant will render it unnecessary to consider the other points presented.

The plaintiffs' offered in evidence the record of the suit in which they ob-
tained a judgment against their father and natural tutor, upon the confession of
the latter.   That judgment fixed no date at which the father became the debt-
or of his children, or at which the tacit mortgage of the latter attached, and
was obtained subsequently to the judgment in favor of *Florance*.   The record
of a former suit between *Bachemin*, the father, *and Florance*, was also offered
in evidence.   It is only by an examination of the testimony used on the trial of
those causes, and on file in the records, but not separately offered as evidence,
that the claim and tacit mortgage of the plaintiffs' can be fixed at a date ante-
rior to that of the judgment obtained by *Florance*.   The testimony upon which
the judgments in those proceedings were rendered formed no part of the records
offered, and did not become evidence between the parties to this cause by the
introduction of those records.   *Baptiste* v. *Soulié*, 13 La., 268.   Nor could the
testimony upon which the judgment in favor of the minors was founded have
been received or considered in this cause by the judge if it had been separately
offered, being the confession of the father, who cannot be heard as a witness
for or against his child.   C. C. art. 2260.

In the absence of this, which is the only testimony relied on to fix the date
of the tacit mortgage, the judgment of the District Court is unsupported by
evidence.   Justice, in our opinion, requires that the cause should· be remanded.

It is therefore ordered that the judgment of the District Court be reversed.
It is further ordered that the cause be remanded for a new trial, the appellees
paying the costs of this appeal.