---

### THE SAME *v.* THE SAME.—ON REHEARING.

The answers of a party interrogated on facts and articles, form a part of the pleadings, and either party may use them without formally introducing them in evidence, in the same manner as either party may have the benefit of any admission in the petition or answer. They belong to the record from which they cannot be withdrawn.

So, where interrogatories on facts and articles are propounded to a party, and are taken for confessed, the order of the Court taking the interrogatories for confessed, stands in lieu and place of the answers, and form a part of the record.

When a record in a cause, in which interrogatories on facts and articles have been taken for confessed, is offered in evidence, the order of the Court taking the interrogatories for confessed, stand in lieu and place of the answers, and form a part of the record offered in evidence.

And this, although the interrogatories so taken for confessed were filed in another suit between the same parties and for the same cause of action, and which suit had been dismissed by plaintiff after the interrogatories had been taken for confessed.

Where interrogatories on facts and articles are taken for confessed as against plaintiff, and the suit subsequently dismissed by plaintiff, the defendant has the right to use them in evidence in a subsequent suit between the same parties for the same cause of action.

A party paid a certain sum of money to obtain an extension of time on several notes:

*Held:*—That this money could not be plead in part payment of the notes; the sum paid for delay was separate and independent of the notes. The notes formed one contract, the delay another; and the contract for delay was consummated, and could not be questioned in an action on the notes.

A party seeking to recover money paid for usurious interest, must bring his action therefor within one year.

LABAUVE, J. In this case we have granted a rehearing, being under the impression that we had likely erred in taking for confessed certain interrogatories propounded by said plaintiff, Walker, to said defendant, Villavaso, in another suit of injunction concerning the same promissory

notes known in this suit, and in the case of *Augustus W. Walker* v. *Etienne Villavaso*, No. 392 of the Docket of the District Court of St. Bernard, said interrogatories being as follows:

Interrogatories on facts and articles to be answered by the defendant, Etienne Villavaso.

1st. Were not the notes sued on by you in your case against A. W. Walker, renewed with him during three years consecutive, that is to say, the years commencing in February, 1858, 1859 and 1860?

2d. Were not said notes renewed the second year on the payment, in advance, of ten per cent. interest thereon, and of eleven per cent. interest the third year?

These interrogatories were ordered to be answered on or before the 11th April, 1861; they were served together with the order of the Court.

The following is an entry on the minutes of the Court, in the case when the said interrogatories were filed and propounded. Entered on Friday, Oct. 11th: "On motion of P. A. Ducros, of counsel for plaintiff, and on showing to the Court that the interrogatories on facts and articles, which were propounded by plaintiff to the defendant, have not yet been answered, although the delay fixed for responding to the same is expired long ago. It is ordered by the Court, that said interrogatories may be taken for confessed."

The record in the case now before us, shows that the suit being taken up, by consent, for trial below, L. Madison Day, counsel for plaintiff, offered, in evidence, the *records* of that Court, bearing the numbers, "388, *Etienne Villavaso* v. *A. W. Walker;* 392, *A. W. Walker* v. *Etienne Villavaso;* 353, *J. S. Cucullu* v. *A. W. Walker;* 413, *Etienne Villavaso* v. *A. W. Walker;* 419, *A. W. Walker* v. *Etienne Villavaso.*"

The said interrogatories were filed and propounded, and the answers thereto taken for confessed, on the minutes of the Court, in one of said cases, to wit: No. 392, *A. W. Walker* v. *Etienne Villavaso*, which was discontinued and not tried, and the said interrogatories taken for confessed, were not offered particularly in evidence. Now the question arises, did the offer of the *record* in evidence comprise and include the interrogatories on file in the suit, and the order of Court taking them for confessed, entered on the minutes of the Court? And, as a consequence, were they before the Court below, and are they before us now as a part of the evidence? It seems to be settled, that the interrogatories propounded to, and the answers thereto, by a party, form a part of the pleadings.

In the case of *McKerall et al.* v. *McMillan et al.* (9 R. 19), our predecessors said:

"The answers of a party interrogated on facts and articles, form a part of the pleadings, and either party may use them without formally introducing them in evidence, in the same manner as either party may have the benefit of any admission in the petition or answer. They belong to the record from which they cannot be withdrawn."

They quoted Code of Practice, Arts. 348, 354. 5 Martin, 272, 592. 5 N. S. 179.

In this case, we consider that the order of Court taking the interrogatories for confessed, stood in lieu and place of the answers, and formed a part of the record offered in evidence. Although these interrogatories so taken for confessed were filed in another suit, between the same parties and for the same cause, and which suit had been dismissed, Walker had the right to use them as evidence in this case. *Whiting* v. *Ivey*, 3 An. 649.

Since the granting of a rehearing, the defendant, Etienne Villavaso, has filed the plea of prescription of one year against the demand of plaintiff, Walker, for the sum of $7,344, usurious interest paid in advance for the renewal of the notes sued upon from year to year, and for three years consecutive, commencing in February, 1858, 1859 and 1860.

More than a year having elapsed since the respective payment of these usurious interest, and Walker having no longer any right to claim them back by a direct action, the question arises: Can he now plead them as a defence in payment pro tanto of the principal of the notes sued upon, and can he make the rule quæ temporalia sunt ad agendum, perpetua sunt ad excipiendum?

It must be borne in mind, that we have two contracts between these parties,

1st. Four notes sued upon, of $5,000 each, bearing eight per cent. interest after maturity.

2d. An agreement renewing said notes for one year, at three different times in February, 1858, 1859 and 1860, on Walker paying an usurious interest in advance for said delay or indulgence granted by Villavaso; no interest is claimed in this suit for these three years extending to the 4th February, 1861.

This last contract has been carried fully into effect by the expiration of the delays and payment of the consideration for said indulgence. Walker could have claimed back, within a year, the usurious interest so paid; Villavaso had no defence to set up against such a demand; he could not have pleaded that it was in payment of the notes sued upon, for it was, in fact, on a new agreement for delay granted; he could not have placed his notes in compensation, because they were not due; he had granted a delay of one year.

Now, can Walker plead, in payment of the notes, the money he gave in consideration of the delay granted by the second contract, which has been consummated and carried into effect by both parties? This delay, for which he paid, was separate from and independent of the notes. The notes formed one contract, and the delay another. Walker is not sued upon this contract. If, instead of paying cash in advance, he had given his notes for this usurious interest, he could now, in this suit, invoke the rule quæ temporalia, etc., against the payment of such notes, although

one year had expired.

It is clear that Walker's action to retain the interest so paid by him is prescribed (Act of 19th February, 1844, p. 15), and the rule quæ temporalia sunt ad agendum, perpetua sunt ad excipiendum, cannot avail him. (*Girod* v. *His Creditors*, 2 An. 546; *Boeto* v. *Lame*, 3 An. 141; *Mrs. Micael Cox* v. *Ellen McIntyre*, 6 An. 470; Troplong, prescription, 2 vol., Arts. 827, 828.

It is therefore ordered and decreed, that the entire decree of our former decision be overruled ; and it is further adjudged and decreed, that the judgment appealed from be affirmed, with costs.