The opinion of the court was delivered by
Manning, C. J.
The plaintiffs .obtained judgment against J. S. Labennes in February 1874 for merchandise sold to him in February 1867 In November of this last year, Mrs. Labennes had instituted suit against *405 her husband for a separation of property, and had judgment therefor in the following month. When Darcy & Wheeler issued execution on their judgment against Mr. Labennes, they were confronted by this judgment of separation, and immediately brought this suit to annuli it.
The prescription of one year is pleaded, along with a general denial. This suit was commenced Feb. 25,1874, a few days after the plaintiffs’ judgment against Labennes was obtained, and therefore the prescription pleaded is not good. Civil Code, art. 1989 new no. 1994. Van Wickle v. Garrett, 14 Annual, 106. Powell v. O’Neil, 24 Annual, 522. The text of the Opinion in the 14th Annual must be consulted, as the digest of it by the Reporter is erroneous.
The judgment of separation is attacked for fraud, as having been obtained expressly to defeat the plaintiffs’ claim; and because the wife did not bring into the marriage any money or property as falsely alleged; and the husband’s affairs were not in disorder; and he was not in a condition of insolvency; and the judgment was by consent; and had never been executed.
The record of Mrs. Labennes’ suit was offered in evidence, which contains the testimony therein. The plaintiffs opposed the reception of the evidence in that suit as testimony in this. No other testimony was offered by the defendants.
A record may be introduced in evidence to shew that a judgment was rendered, or for other purposes, but it does not follow that the parole testimony upon which it was obtained can be admitted as proof in another suit, simply because it forms part of the record. If such evidence is admissible in this other suit, it is so on other grounds than that it is a part of the record offered, and independent of that fact. Baptiste v. Soulie, 13 La. 268. Florance v. Bachemin, 3 Annual, 174. Erwin v. Banks, 6 Annual, 1.
All transactions between the husband and the wife relative to the property of the former must be regarded with suspicion, when the object of such transactions is to create a preference over other creditors in favour of the wife, and when such preference comes in competition with the actual claims of such other creditors. In such eases, when these transactions are attacked for fraud and collusion, it is incumbent on the wife to shew the truth and genuineness of the claim upon which her judgment against her husband is founded. The burthen of proof is upon her to shew that her judgment was fairly obtained. Deblanc v. Deblanc, 4 La. 19. Malone v. Kitching, 10 Annual, 85. Phelps v. Rightor, 15 Annual, 33. She has neither done that, nor attempted to do it in the present case.
The judgment of separation must be executed on pain of nullity, and this execution must be by the payment of the rights and claims of *406 the wife, evidenced by an authentic Act, or an uninterrupted suit to obtain payment. Bostwick v. Gasquet, XI Annual, 534. The judgment of Mrs. Labennes against her husband was obtained Deo. 7, 1867. There was no payment through a notarial act. A writ of fieri facias issued January 25,1872, and was returned nulla bona April 4th. following. An interval of four years between the judgment and the first attempt to execute it is not the uninterrupted suit to obtain payment contemplated by the Code.
It is ordered and decreed that the judgment of the lower court is avoided and reversed, and that there be now judgment in favour of the plaintiffs, annulling the judgment of Erangoise E. Labennes against Joseph S. Labennes, her husband, signed Dec. 7, 1867, and that the plaintiffs recover of the defendants the costs of both courts.