No. 14,051.

ADLINE ELLERBUSCH, WIFE OF JOHN KOGEL, vs. JOHN KOGEL.

## SYLLABUS.

The demand of the wife for alimony finds no support in law or fact.

After two years had elapsed and no reconciliation had taken place the defendant, husband, recovered a judgment for divorce, based upon the judgment of separation from bed and board obtained by the wife. Statute 25 of 1898. *Held—*that the judgment is valid and legal.

APPEAL from the Civil District Court, Parish of Orleans— *King, J.*

*Ernest Lee Sansum,* for Plaintiff, Appellant.

*Joseph B. Derbes,* for Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J. Plaintiff brought this suit against her husband for a separation from bed and board and for alimony. She recovered judgment in June, 1898, of separation from bed and board. She was, by the judgment, allowed alimony at fifteen dollars per month.

In 1891, defendant sued out a rule against plaintiff asking for a suspension of the allowance to his wife which had been decreed as just mentioned. The rule was made absolute in due time. The ground on which the court acted in setting aside the decree of alimony was that no domicile had been appointed by the court as required by Article 147 of the Civil Code. No appeal has been taken from the judgment decreeing a discontinuance of the allowance in question to the wife.

In April, 1901, more than two years after the plaintiff had obtained a judgment of separation from bed and board, the defendant husband presented a petition to the court for a divorce, grounded upon the decree of separation from bed and board which had been obtained by his wife.

The statute 25 of 1898 renders it possible for a married person against whom a separation from bed and board has been rendered, at the expiration of two years from the date of the judgment, if there

has been no reconciliation between the parties, to obtain from the court that rendered the judgment of separation from bed and board a judgment of divorce. In the last suit in which the husband appeared as plaintiff for divorce, the wife, Mrs. Adline Ellerbusch, appeared by way of reconvention and again asked for alimony. The husband recovered a judgment for divorce and again the question of alimony came before the court.

Here the claim for alimony is not pressed upon our attention. As no domicile was appointed by the court and as it follows that she did not prove that she had resided at an appointed domicile while the proceedings were pending before the court, she cannot recover alimony. The following excerpt is in point: "Inasmuch as the defendant confessedly left the domicile of her husband, without obtaining from the judge an order assigning her a domicile pending the suit," she has no right to alimony. The statute imposed the burden of proof on the one suing for alimony. Suberville vs. Adams, 46 Ann. 125.

The record does not contain evidence sustaining the demand for alimony and no bill of exceptions showing that the court's ruling excluding testimony regarding a demand for alimony was erroneous.

The appeal before us was taken from the judgment of divorce obtained by the husband. We have found no reason on which to disturb it and it only remains for us to affirm the judgment of the District Court.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed.