(103 So. 441)

No. 26540.

## JONES v. DOUGLASS.

(March 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. Divorce ⊙⟞286—On failure of wife to appeal from judgment dismissing reconventional demand, no question is presented for consideration.

Where wife did not appeal from judgment dismissing reconventional demand without reservation, and did not file application in Supreme Court for amendment thereof, on husband's appeal from judgment in original suit, nothing was presented for Supreme Court's consideration as to paraphernal claim in reconventional demand.

2. Divorce ⊙⟞231 — Omission to assign wife domicile pending suit for divorce held fatal to her demand for alimony.

In view of Civ. Code, arts. 147, 148, where no application was made to court and no order issued by it assigning wife domicile during pendency of suit, such omission was fatal to her demand for alimony.

3. Evidence ⊙⟞582(3)—Permitting stenographer as witness to read notes of testimony at former trial held without error.

Where original stenographic notes were part of record of former trial, there was no error in permitting stenographer as witness to read from his original notes.

4. Appeal and error ⊙⟞1008(1) — Finding of fact by trial judge entitled to great weight on appeal.

Finding of fact by trial judge is entitled to great weight on appeal.

Appeal from Civil District Court, Parish of Orleans; Percy Saint, Judge.

Action for divorce by Joseph William Jones against Fannie Douglass. From a judgment granting divorce, but condemning plaintiff to pay alimony, he appeals. Reversed in part, and affirmed in part.

Joseph Harris Brewer, of New Orleans, for appellant.

William V. Seeber, of New Orleans, for appellee.

BRUNOT, J. [1] The plaintiff and defendant were husband and wife, but were living separate and apart. The petition contains the usual recitals, and the prayer is for an absolute divorce. The suit is brought under the provisions of Act 269 of 1916. The answer denies the alleged continuous separation for seven years, and contains a reconventional demand for a divorce on the ground of adultery and for judgment against the plaintiff for $310. The defendant also ruled her husband into court to show cause why he should not pay her alimony. A default judgment was rendered on the rule, and alimony at the rate of $8 per week was ordered paid. The plaintiff failed to make the payments, and he was finally adjudged guilty of contempt and sentenced to ten days in the parish jail. Plaintiff then filed a rule to strike out of the answer the defendant's reconventional demand. This rule was heard and made absolute. Thereafter the case was regularly assigned, tried on the merits, and a judgment was rendered in favor of the plaintiff in the original suit, decreeing a divorce "a vinculo matrimonii" between him and his wife, and ordering that the rule for alimony be made absolute to the extent of condemning the plaintiff to pay to the defendant alimony at the rate of $10 per week from February 22, 1923, to October 25, 1923. From this judgment the plaintiff alone has appealed, and he asks this court to amend the judgment by striking out that part of the decree making the rule absolute and ordering him to pay alimony, and, as thus amended, that the judgment be affirmed. The judgment does not directly refer to the alleged paraphernal claim of defendant, set up in her reconventional demand, but, as the court dismissed the reconventional demand without reservation, it disposed of this claim, and, as defendant did not appeal from the judgment and has not filed an application in this court for an amendment thereof, there is

nothing before us with respect to this claim for consideration.

[2] From the record it appears that no application was made to the court and no order was issued by it assigning the defendant wife a domicile during the pendency of the suit. This omission is fatal to the demand of the wife for alimony. C. C. Arts. 147, 148.

In the case of Ellerbusch v. Kogel, 108 La. 51, 32 So. 191, this court said:

"In 1891 defendant sued out a rule against plaintiff, asking for a suspension of the allowance to his wife which had been decreed as just mentioned. The rule was made absolute in due time. The ground on which the court acted in setting aside the decree of alimony was that no domicile had been appointed by the court as required by article 147 of the Civil Code. * * * As no domicile was appointed by the court, and as it follows that she did not prove that she had resided at an appointed domicile while the proceedings were pending before the court, she cannot recover alimony."

In the case of Suberville v. Adams, 46 La. Ann. 119, 14 So. 518, the court quotes articles 147 and 148, R. C. C., and says:

"Alimony is an incident of the wife's suit for separation; and it is evident that same cannot be allowed, except upon the terms of the Code, to wit: (1) That the wife shall have instituted suit for separation against her husband. (2) That she has either left or declared her intention to leave the dwelling of the husband. (3) That the judge shall have assigned her a home wherein she shall be obliged to dwell during the pendency of her suit. * * * Inasmuch as the defendant confessedly left the domicile of her husband without obtaining from the judge an order assigning her a domicile pending her suit, it was manifestly impossible for her to make the proof required of her as a condition precedent to her recovery of alimony against the plaintiff. It is of no consequence that the plaintiff did not urge formal exception or objection on this score in limine; the phraseology of the statute clearly imposes the burden of proof on the defendant to establish this essential ingredient of her demand, and the plaintiff had a perfect right to rely upon her failure to discharge it, as a substantial defense, to the effect that he could not be compelled to pay this allowance otherwise."

[3, 4] There is some conflict in the testimony as to the continuous separation of the spouses for seven years, and as to the amount and disposition of the money claimed by defendant as her paraphernal funds. We have read the record and have noted the consistent statements of plaintiff and his witnesses and the inconsistent statements of the defendant. This is the second suit involving similar facts between the same parties. The first suit was tried on February 26, 1922, and the testimony given by defendant in that suit is irreconcilable, on the question of continuous separation, with the testimony she gave on the trial of this case. Counsel objected to the introduction of the testimony taken at the trial of the first case, because the stenographer's notes of the testimony had not been transcribed, but the original notes were a part of the record and the court permitted the stenographer, as a witness, to read from his original stenographic notes. We think the ruling was correct. The trial judge resolved the facts in favor of the plaintiff, and we have uniformly held that his finding of fact is entitled to great weight. Moreover, the record convinces us of the correctness of his conclusion.

For these reasons it is decreed that the judgment, in so far as it orders that the rule for alimony be made absolute and condemns plaintiff to pay the defendant alimony at the rate of $10 per week from February 20, 1923, to October 25, 1923, be avoided and set aside, and that in all other respects it be affirmed at appellee's cost.

O'NIELL, C. J., concurs in the decree.