Plaintiffs, thirty in number, alleging themselves to own in the aggregate (in proportions specifically set up) 3/8ths interest in and to the Northwest Quarter of the Southwest Quarter (NW 1/4 of SW 1/4), Section 11, Township 4 North, Range 3 East, in Rapides Parish, Louisiana, instituted this suit against the Avoyelles Wholesale Grocery Company, Ltd., alleged owner of the other 5/8ths interest in said land, to effect a partition thereof between the co-owners "in kind or by licitation as to the court may seem proper". It is also alleged that the land was acquired by Joseph Morace by patent from the State of Louisiana; that he died in the year 1915 intestate; that plaintiffs inherited their several interests in the land from the patentee and his deceased wife.
Plaintiffs additionally allege that Joseph Morace, Jr., son of the deceased patentee, by inheritance from his father and mother and by purchase from some of his co-heirs, became vested with an undivided 3/8ths *Page 106 
interest in the land and sold same to one John Moses, who, in turn, sold the same interest to the defendant herein; that the acts of sale to Moses and to defendant purport to convey the whole of said property "but only an undivided 5/8ths was conveyed thereby because in each case the vendor did not own the 3/8ths undivided interest owned by petitioners."
Defendant's answer is quite lengthy. It is set forth therein that Joseph Morace, the patentee, was married twice; that by the first marriage one child, Ellen, was born, and that she married Silvest Belgard; and of the second marriage there were six children, named in the answer, who reached maturity, and married. It is further averred that in the deed to Joseph Morace, Jr., referred to in the petition, the entirety of said forty acres of land was conveyed and that the deed from him unto John Moses in the year 1919 likewise conveyed all of the land; that defendant acquired the entirety thereof at a sheriff's sale in a foreclosure proceeding by it against Moses on August 23, 1926.
To serve as a basis of a plea of ten years' prescription, interposed by the defendant, it is alleged in the answer that the patentee improved, lived upon and cultivated the land to the date of his death in 1915; that Joseph Morace Jr., thereafter lived on and cultivated the same as owner until the sale by him to John Moses on September 30th, 1919; that Moses thereafter possessed the property through tenants and that in like manner defendant went into and has held possession of the land since its acquisition thereof in 1926. Defendant alleges as a fact that it and its authors in title have owned, held and possessed said property in good faith.
The court rejected plaintiffs' demand and dismissed their suit. Defendant was recognized and decreed to be the owner of the land which implies that the plea of prescription was sustained. The plaintiffs appealed to this court.
Prior to the institution of the present suit these same plaintiffs instituted against the same defendant a suit under Act No. 38 of 1908, which was tried on December 9, 1946. The testimony of many witnesses was taken on that trial, most, if not all of whom were descendants of the patentee and his wives. The testimony of these witnesses mainly had to do with the question of actual possession of the land by defendant and its authors in chain of title thereto. The question of possession, as a defense, was tendered by and through exception on behalf of the defendant. At the conclusion of the trial, but prior to rendition of judgment, on motion of plaintiffs' counsel, the suit was dismissed as of non-suit. On trial of the present suit defendant offered and introduced in evidence the entire record of testimony adduced at the former trial, to which offering plaintiffs' counsel strenuously objected on the ground that:
"there is no showing such as would permit the evidence in another case to be used in this case, the witnesses in the first case being now present in the courtroom and ready to be heard in the case now on trial."
The objection was overruled.
In this court plaintiffs persist in their objection to the admissibility of said testimony and forcefully contend that the trial judge erred in ruling adversely to them. After mature consideration of the question we agree with this position.
It is true, as contended, that the parties to the two suits are the same, but the issues are in material respects unlike. In the former suit the sole issue tendered was that of possession vel non on the part of the defendant, whereas in the instant case, in addition to the question of possession, the character of such possession, whether in good or bad faith, is tendered. For this reason, if for no other, the offering should have been refused.
Defendant cites and relies upon several cases to support its position herein, none of which, in our opinion, fully supports said position. Below we give the title of these cases, with a brief epitome of what the court held in each, to-wit: Hunter v. Smith, 5 Mart., N.S., 177, 178.
The question in that suit was whether the defendant could avail himself of his own answers to interrogations "put to him" by the plaintiff in a former suit that was *Page 107 
discontinued before judgment. The issue there and the ruling are not entirely analogous to those in the present case. The second paragraph of the syllabi in that case is broader than the facts and the opinion warrant. Walker v. Villavaso, 18 La. Ann. 712; Id., 18 La. Ann. 715.
The question in this case is whether interrogatories on facts and articles, ordered taken for confessed, in a former suit between the same parties, were admissible in evidence on a second trial. The court very properly admitted the confessions. State of Louisiana v. New Orleans Waterworks Company,107 La. 1, 31 So. 395.
The second paragraph of the syllabi, on its face, supports appellee's position herein, but, as we understand the court's discussion of the question involved, 107 La. on pages 36, 37 and 38, 31 So. 395, what is there said by it supports our holding in Young v. Reed, La. App., 192 So. 780, and appellants' position herein, rather than being in opposition thereto. Jones v. Douglass, 158 La. 57, 103 So. 441.
This suit involved a divorce proceeding. In a former trial of suit between the same parties the defendant's own testimony was taken down in stenographic form but was not transcribed. On the second trial the court allowed the stenographer to testify from her notes, as we understand the opinion, to contradict the testimony of defendant given on the second trial, which was inconsistent with that formerly given by him. However, the objection to the stenographer testifying from her notes was grounded upon the predicate that the notes had not theretofore been transcribed. The ruling was clearly correct. Pollock Paper Box Company v. Crosby, La. App., 16 So.2d 611, 613.
This case decided by our brethren of the First Circuit, should give small comfort to the defendant. In it the court held that testimony taken in a former trial of a third opposition, afterwards dismissed as of non-suit, was admissible on the second trial of the opposition. In support of its ruling the court cited only Hunter v. Smith, supra. The opinion shows that the proffered testimony was objected to only on the ground that plaintiff had had no opportunity to cross-examine the witnesses sworn in the first trial. As regards this contention, the court said: "Counsel for plaintiff had an opportunity to cross-examine the witnesses when the evidence was taken in the first suit."
In view of the restricted character of the objection the court's ruling was perhaps correct. The facts of the present case are materially different and the grounds of the objection made to the introduction of the testimony taken in the former trial are not restrictive in any sense.
Appellants cite an array of cases to support their position as regards the admissibility of the embattled testimony. They follow, to-wit: Baptiste v. Soulie, 13 La. 268; Trimmel 
Burnett v. Marvel Irwin, 11 La. Ann. 404; Rierdon v. Thompson, 5 La. 364; Lesassier v. Dashiell, 14 La. 467; Hunter v. Smith, 6 Mart., N.S., 351; 31 C.J.S., Evidence, §§ 390, 393.
The first two of these cases are not in point; the other three and the citation from Corpus Juris support and recognize the generally prevailing principle which this court restated and followed in Young v. Reed, La. App., 192 So. 780, 786, also cited by appellee, to-wit:
"The question tendered by the ruling is not new. It has frequently arisen in this state. Early in the history of our jurisprudence the Supreme Court definitely held:
" 'Testimony of a witness in a previous suit between the same parties, for the same cause of action, where there has been an opportunity for cross-examination, may be used by either party, if the witness be dead or absent, or, for other cause, cannot be produced. * * *
" 'Complete mutuality or identity of all the parties is not necessary to admit testimony in a former suit. It generally suffices if the issue be the same, and the party against whom it is offered had full power of cross-examination.'
"Rouyer et al. v. Carroll, 47 La. Ann. 768, 775, 17 So. 292, 294; Hennen v. Monro, 4 Mart., N.S., 449; Miller v. Russell, 7 Mart., N.S., 266, 267; Noble v. Martin et al., 7 Mart., N.S., 282, 283; Williams v. *Page 108 
Bethany, 1 La. 315, 320; Lopez's Widow and Heirs v. Berghel, f. w. c., 15 La. 42, 43; Conway v. Erwin, 1 La. Ann. 391; W. A. Taylor v. J. A. Paterson, 9 La. Ann. 251.
"The announced rule finds support in Jones' excellent work on evidence, 4th Ed., Vol. 1, page 621."
In that case a showing was made that the witnesses whose testimony was adduced in the first trial, were oil field workers whose whereabouts were unknown after effort to locate them. We held that a sufficient foundation had been laid to admit the former testimony, but in the present case the witnesses, whose testimony was adduced in the former trial, were present in court, ready to testify. They were summoned on behalf of the defendant.
Appellants' counsel argues that he expected to elicit certain facts and information from some or all of these witnesses on cross-examination not elicited at the former trial which would have material bearing upon the questions of possession and bad faith; that the ruling of the court deprived him of that opportunity. This position carries with it the assumption that had the proffered testimony been rejected defendant would have been forced to introduce these witnesses and interrogate them touching their knowledge of the facts relied upon to sustain the plea of prescription. This course would have no doubt been followed.
Therefore, we hold that the testimony was improperly admitted for two reasons, viz: The issues of the two cases were not identical; the witnesses were in court, ready to testify, in obedience to summons.
For the reasons herein assigned, the judgment from which appealed is annulled and reversed, and this case is now remanded to the lower court for such proceedings as the parties thereto may determine, in keeping with law and the views herein expressed. Costs of appeal are assessed against the defendant; fixation of liability for all other costs will await final judgment in the case.