RIERDON *vs.* THOMPSON.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE THIRD PRESIDING.

The testimony of a witness, reduced to writing on a former trial, cannot be read in evidence on a subsequent trial of the same case, unless the witness is out of the jurisdiction of the court, or some other equally forcible cause exists.

A cause will be remanded, if the verdict of the jury be contrary to an admission on record.

Rierdon claimed, with privilege, the sum of six hundred and forty dollars and seventy-six cents, of defendant, for carpenter's work on the house of the latter, in the parish of Iberville. Thompson pleaded the general denial; and a special contract, on which he admitted the plaintiff had performed work, and on which a balance remained in his favor of forty-nine dollars, which, it was alleged, had been tendered to him.

Judgment was rendered for the plaintiff for four hundred and eighty-two dollars and twenty-six cents. A new trial was granted to the defendant, and the second jury found for the defendant. Judgment having been rendered, and a new trial refused, the plaintiff appealed.

The opinion of the court, PORTER, J. absent, was delivered by MATHEWS, J.

This is an action on a *quantum meruit,* instituted by a carpenter to recover the value of certain labor done on a house of the defendant, at the instance and request of the latter. The value of the work, as estimated by the undertaker, amounts to six hundred and forty dollars and seventy-six cents; and this is established by the testimony of the cause, to be its value, according to the customary charges, by workmen.

The defendant pleaded the existence of a special contract,
by which the undertaker agreed to do the work (for which he claims upwards of six hundred dollars,) for two hundred.
He pleads, also, payment made on this amount, so as to reduce the balance owing on the contract, to forty-nine dollars.

The cause was submitted to a jury in the court below, who found a general verdict for the defendant, and judgment being thereon rendered, the plaintiff appealed.

It appears by the record, that the judgment from which the present appeal is taken, was rendered on a second trial. On the first trial, a synopsis of the testimony was made to serve as a statement of facts, in the event of an appeal; but in consequence of a new trial having been granted, no appeal was taken. The testimony thus abridged, was acknowledged to be correct, and signed by the counsel of the parties, who acted on the first trial. It was offered in evidence, by the plaintiff, at the second, and admitted, under a bill of exceptions taken by the defendant.

This evidence was excepted to, on the ground that the witnesses, or some of them, whose testimony it purports to contain, as taken down in writing on the first trial of the cause, were present in court, at the time of the second trial.

We think the judge *a quo* erred in admitting this evidence. It was not the best in the power of the plaintiff to produce. A re-examination of the witnesses before the jury would have been better. And as they seem to have been within the jurisdiction and control of the court, their testimony taken on the former trial, ought not to have been received, according to the rule of evidence, which requires the best to be adduced which the nature of the case admits.

The only principle on which these depositions could be legally admitted, would arise out of the impossibility to re-examine the witnesses in open court, on account of their absence from its jurisdiction, or some other cause of equal force.

*The testimony of a witness, reduced to writing on a former trial, cannot be read in evidence, on a subsequent trial of the same case, unless the witness is out of the jurisdiction of the court, or some other equally forcible cause exists.*

As to the merits of the case, it is clear that the verdict of the jury is contrary to the admissions of the defendant, and probably to the evidence.

The answer admits forty-nine dollars to be due to the plaintiff, even on the specific contract, as alleged; and there is no evidence of this sum having been legally tendered to him. And, moreover, we are inclined to believe that no such contract was ever made between the parties. But as this is a matter of fact, and most properly cognizable by a jury, the cause must be remanded.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be avoided, reversed and and annulled, and the verdict of the jury set aside. And it is further ordered, that the cause be sent back to the court below, to be tried *de novo*. The appellee and defendant to pay the costs of this appeal, &c.

*Burk and Davis*, for appellant.

*Nicholls*, for appellee.