## Thomas Wafer *v.* Bernard Hemken.

Testimony taken under oath, and reduced to writing by the judge, on the first trial of the case, will be admissible in evidence, where the witness has since become interested in, and a party to the suit. *Per Curiam :* The ordinary causes which incapacitate a witness from appearing in open court, and render his testimony admissible when reduced to writing on a former trial, are absence, death, insanity, sickness. To these may be added, an interest subsequently acquired in the event of the suit.

Appeal from the District Court of Claiborne, *King*, J.

*Lawson* for the appellant.

*McGuire*, for the defendant.

Morphy, J. The defendant, B. Hemken, a judgment creditor of Joel Wafer, sued out a *fieri facias*, under which he seized certain slaves as belonging to his debtor. Thomas Wafer, the present plaintiff, claimed three of these slaves, enjoined the sale, and prayed for damages for their illegal detention. A motion to set aside the injunction having been overruled, the defendant filed his answer, praying for the dissolution of the injunction, with damages, and alleging fraud and collusion between Thomas and Joel Wafer. There was a verdict for the plaintiff, with $150 damages. This verdict was afterwards set aside, and a new trial granted. The plaintiff having died sometime after, a petition was filed by Mabry Wafer and Cicily Wafer, wife of Samuel Friend, claiming to be his testamentary heirs, and to be

made parties plaintiff to the suit. On the second trial, there was a verdict of the jury perpetuating the injunction for one ninth of the property enjoined, and dissolving it for the other eight-ninths. Judgment having been entered up accordingly, the plaintiff appealed.

Our attention has been drawn to a bill of exceptions, taken to the refusal of the judge below to admit in evidence the testimony of Mabry Wafer, given under oath, and reduced to writing by the judge on the first trial of the cause, which was objected to on the ground that, since the date of said trial, Mabry Wafer had become interested in the suit, and a party to it. This court has often held, that the testimony of a witness taken down in writing on a former trial between the same parties, is admissible in evidence, if the witness be sick, or it be otherwise impracticable to produce him in open court. *Miller* v. *Russell*, 7 Mart. 267. *Noble* v. *Martin et al*, Mart. 203. *Lopez, Widow and Heirs* v. *Berghel*, 15 La. 45. The ordinary causes which incapacitate a witness from appearing in open court, and which render admissible his testimony, when reduced to writing on a former trial, are absence, death, insanity, sickness, &c. To these may be added, an interest subsequently acquired in the event of the suit. Greenleaf says, p. 206, sect. 168 : "If, in cases of disqualifying interest, the witness has previously given a deposition in the cause, the deposition may be read in chancery, as if he were since deceased or insane, or otherwise incapacitated. It may also be read on the trial, at law, of an issue out of chancery. In other trials at law, no express authority has been found for reading the deposition, and it has been said that the practice is otherwise; but no reason is given, and the analogies of the law are altogether in favor of admitting the evidence ;" &c. "If the lips of the witness are sealed, it can make no difference in principle, whether it be by the finger of death, or the finger of the law." If the interest subsequently acquired, results, as in the present case, from the witness becoming a party to the suit, the rule, we apprehend, must be the same. The testimony was legal when it was taken. The bias which causes parties to a suit to be excluded as witnesses, did not then exist; and Mabry Wafer can now no more be exam-

ined as a witness, than if he were dead or insane. We think that the testimony should have been admitted, and we come the more readily to this conclusion, as, under our law, the defendant can call upon the witness who has become a party, to answer to interrogatories upon facts and articles. Under this view of the question, we will remand the case, as the evidence in the record does not satisfy us that the verdict of the jury is clearly erroneous.

It is, therefore, ordered, that the judgment of the District Court be reversed, the verdict set aside, and the case remanded for further proceedings; the appellee to pay the costs of this appeal.