## CONWAY *v.* ERWIN.

Where a clerk certifies that a record of a former suit between the same parties, for the same cause of action, offered in evidence in a second suit, contains a true copy "of all the documents filed, proceedings had, and testimony adduced on the trial, with the exception of a note marked B., filed as a part of the evidence, which had been withdrawn," and it appears from an examination of the record that the note referred to is that upon which the second suit was instituted, the transcript will be admissible.

Where in transcribing into the record of appeal the certificate of a clerk, purporting to have been given under his official seal, appended to a record offered in evidence below, the clerk of the court from which the appeal is taken omits to make the mark generally used to represent a seal, or to state that one was affixed to the certificate, the original may be inspected to show that there was a seal affixed to it.

The testimony of a witness taken in a previous suit between the same parties, for the same causes of action, where there has been an opportunity for cross-examination, may be used by either party, in case of the death of the witness, or of his absence beyond the jurisdiction of the court.

The institution of a suit, afterwards dismissed by order of the court, is a demand in writing putting the defendant in default, and entitling the plaintiff to recover, in a subsequent action, interest from the first judicial demand. C. C. 1905, 1906, 1932.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *M. M. Robinson* and *Lowndes*, for the plaintiff. *Mott*, for the appellant.

The judgment of the court was pronounced by

KING, J. The defendant has appealed from a judgment condemning him to pay the amount of a promissory note, executed by one *H. C. McNeil*, with interest from judicial demand. It is alleged that the consideration for which the note was given, was a quantity of lumber, purchased by *McNeil*, who subsequently sold it to the defendant, through the agent of the latter, and that the agent assumed for his principal the payment of the note which had been given for the price. The defendant pleaded the general issue, and further denied specially the alleged agency. Before proceeding to the merits, it will be necessary to consider objections that have been urged to the admissibility in evidence of the record of a former suit between the same parties, which contains most of the testimony relied on by the plaintiff in support of his demand. To this record it is objected: 1st. That it is introduced to prove by parol evidence, an agency for the purchase of immovables. 2d. That it does not contain a copy of the entire record. 3d. That the former suit differed in its character from that now pending, and that the effect of admitting the record in evidence would be, to deprive the defendant of an opportunity of cross examination. 4th. That the transcript is not clothed with the formalities required by law. 5th. That a part of the witnesses, whose testimony is thus sought to be introduced, reside out of the State.

I. It is true it is alleged in the petition that, the agent, *Henry*, was authorised to purchase a plantation, and that a part of the testimony contained in the record tends to prove, by parol, such an agency. The fact, however, is immaterial to the issues between the parties. The material averment is that, the agent was authorized to purchase the lumber, and assume the payment of a note given for the price. Such an agency may be verbally constituted, and proved by parol.

II. The clerk certifies the record to be a true and faithful transcript of all the

documents filed, proceedings had, and testimony adduced on the trial, with the exception of the note marked B., filed as a part of the evidence, which had been withdrawn previous to making the transcript. No doubt is left from an examination of the record that the note B, referred to in the certificate, is the same upon which the present action is founded. Being before us, the supposed deficiency of the record is supplied, and the defendant can no longer complain that any part of the evidence adduced on the former trial, which would have been favorable to him, is wanting.

III. The evidence shows conclusively that, the cause of action in the former and present suit are the same. Both had for their object the recovery of the price of a quantity of lumber. In the first it was claimed in virtue of a sale, alleged to have been made directly by the plaintiff to the defendant, acting through his agent. On the trial, however, it appeared that a note had been given for the price, by *McNeil*, the vendor of defendant, the payment of which the agent of the latter subsequently assumed. Upon this technical ground, the suit appears to have been dismissed.

IV. The certificate of the clerk purports to have been given under his seal of office. This certificate has been correctly copied into the transcript of the present suit, but the clerk has omitted to make the scroll which is usually made to represent a seal. Upon an inspection of the original, we find that the seal of the court is affixed to it.

V. It is shown that, at the time of the second trial, one of the witnesses who testified in the first suit had died, and that all the others were beyond the jurisdiction of the court, some within and others without the State. It is well settled that, in a subsequent suit between the same parties, for the same cause of action, the evidence adduced on the former trial, where there has been an opportunity of cross-examination, may be used by either party, when the witnesses are either dead or absent. 7 Mart. N. S. 266, 282. 4 Mart. N. S. 452. 5 La. 365. The court did not, in our opinion, err, in permitting the record to be read in evidence.

As regards the merits, it is shown by the evidence that *Henry* was the overseer of the defendant, and his general agent for the management of his plantation, and for the purchase of the supplies and other articles necessary in conducting it. It was his habit to refer to this agent those who had business with him relating to the plantation. To one of the witnesses he stated that *Henry* was his agent for settling all his matters with *McNeil*, the person from whom the lumber was purchased, and the maker of the note in suit. The testimony leaves no doubt that *Henry* was the agent of the defendant, and acting within the scope of his authority, in making the purchase of the lumber, and in assuming the payment of the note given for the price. It is equally well established that the lumber was converted to the defendant's use.

Interest was allowed to the plaintiff on the amount of his judgment, from the date of the citation in the first suit, of which the defendant complains. The judge did not, in our opinion, err. Although the suit was dismissed by the order of the court, it was a demand in writing, which put the defendant in default, and entitled the plaintiff to interest. Civil Code, arts. 1905, 1906, 1952. 6 Mart. N. S. 545. 3 La. 385.                     *Judgment affirmed.*