By the Court, Jones, J.
I think it may now be considered as settled, (whatever may be actually or apparently held to the contrary in Hadden v. The N. Y. Silk Manufacturing Co., (1 Daly, 389,) that the court has power to strike out a defense as sham upon the sole ground that it is false. (People v. McCumber, 18 N. Y. Rep. cited from page 321, and eases there cited.) It is evident, however, that the exercise of such power must be confined within very narrow limits, so as to avoid entrenching upon the defendant’s right to a trial of a disputed fact. It cannot be that the question as to whether an answer is true or false, may be tried on conflicting affidavits, and if the court is of opinion that the preponderance of proof is against its truth it may strike it out as. sham on the ground of its falsity. If that were so, every action in which a disputed .question of fact was involved could be decided by the court, thus depriving the defendant of his right to. a trial by jury.
The only safe rule for courts to adopt as a guide, in disposing of motions of this character, is not to strike out answers as sham on .the ground of falsity, unless the defendant either, 1st, admits its falsity j or, 2d, while denying its falsity in general terms, yet by his own showing demonstrates that the denial is not in good- faith, and that the. *436 answer is in fact false; or, 3d, by not denying admits the truth of sufficient of the facts alleged against the truth of the answer to establish its falsity; or, 4th, 'unless where the answer, consisting of denials or affirmative allegations made on information and belief, and the motion being made on affidavits of those who must necessarily be possessed of the requisite knowledge as to the truth of the denials or allegations, he does not show the sources of his information, or any thing tending to show a possibility of his allegations being true; or, 5th, unless, where the answer, consisting of a denial of any knowledge or information sufficient to form a belief as to the truth of an allegation in the complaint, the truth or falsity of which is presumptively within the knowledge of .the defendant, and the motion being made on affidavits tending to show that the defendant has sufficient knowledge or information to form a belief, he does not, by opposing affidavits, show that he has not, in fact, any knowledge on the subject sufficient to form a belief, and the reasons why he has not. In all these instances the answer, in the language of the case of The People v. McCumber, presents no matters of substantial litigation, and its falsity is undoubted. Although the striking out of defenses as sham, upon the ground of their falsity, has been practiced for a long period'of time, yet in no case, in this state, has a defense been stricken out for such cause, unless its falsity was made apparent in some one of the modes above mentioned. Thus in Steward v. Hotchkiss, (2 Cowen, 634,) the motion was made on affidavits showing the'falsity of the plea. No affidavit of the defendant was produced as to the truth of the plea in point of fact, nor did his attorney swear he believed it to be true. The court said: “ The plea is false in fact, beyond all doubt, and there is some doubt in saying whether it should be answered or is demurrable. Notwithstanding the legal question which arises on its face, we should *437 suffer it to stand upon a very slight suggestion of its truth. Hone such is made. Its falsehood is conceded.” So in Brewster v. Hall, (6 Cowen, 34,) the affidavit showing the falsity of the special plea in point of fact was not in any way denied by the defendants or their attorney. The court said: “The defendants have pleaded a series of sham pleas without a pretense of merits in their cause, or that the pleas are true in a single particular.” So in Broome County Bank v. Lewis, (18 Wend. 565,) the court says: “ The defendant produces no - general or special affidavit of. merits, makes no pretense that his pleas are true, but on the contrary, by his silence, admits they are false.” In The Elizabethport Manufacturing Co. v. Campbell, (13 Abb. cited from p. 92,) the court says : “The plaintiffs’ affidavits, not being contradicted, satisfactorily prove that every denial included in the second answer is false.” So, to the same effect, is Walker, President, &c. v. Hewitt, (11 How. Pr. cited from p. 396.) In The People v. McCumber, (18 N. Y. Rep. cited from p. 320,) the court says: “The falsity of every denial respecting a material allegation is made entirely clear by other parts of the answer, and the affidavit of the auditor used for the motion, and no affidavits of the defendant were produced on the motion, to explain or sustain the truth of the defense.” In The Manufacturers' Bank of Rochester v. Hitchcock, (14 How. 406,) the complaint was upon notes, and the answer was that they were discounted under an usurious agreement, stating it particularly. The affidavits for the motion and the letters annexed thereto, showed that the notes were discounted in pursuance of requests by letters, which letters did not in the remotest degree tend to prove any such agreement as alleged in the answer. The affidavits in opposition to the motion presented no special facts to sustain the answer, except that the president of the bank, which is located at Rochestef, some five or six months prior to the discount *438 of any of the notes, called at the office of some of the defendants in Buffalo, and it was there arranged, the president acting for the plaintiffs, that the plaintiffs would discount for the defendants such paper as that in question. The court held that the affidavits of the defendants, so fat from in fact contradicting the affidavits for the motion, supported them; holding that the arrangement sworn to by the defendants did not in the faintest manner tend to show an usurious agreement. In Oorbett v. Uno, (13 Abb. 65,) the complaint was on a promissory note; the answer denied on information that the note was at any time, for value, transferred to the plaintiff, .and denied that the plaintiff was the owner and holder of the note, and averred, to the contrary thereof, that the note then and at the commencement of the action was lawfully owned by Orlando M. Bogert and Robert II. Corbett, and that they were, or one of them was, the real party in interest. The plaintiff moved, on the affidavits of said Bogert and Corbett, to strike out the answer as false. The motion was met by affidavits of the three answering defendants, wherein they swore,, simply, that the denials and averments in the answer were made on information and belief, and they verily believed such denial and averment to be true. The court held the answering affidavits to be insufficient; holding that the opposing to the positive affidavits made by those who were alleged by the defendants, in their answer, to own the note, in which they swear that they did not but that the plaintiff did own it, a mere general swear by the defendants that they were informed differently, without giving the sources of such information, showed clearly that the defendants possessed no information which would be of any service to them in sustaining their answer, and consequently there was, in fact, nothing to contradict the moving affidavits; the answer was therefore stricken out as false.
*439 Unless, then, the present cause falls within some one of the above five exceptions to the general rule not to strike out as sham, on the sole ground of falsity, this motion must be denied. It is clear the case does not fall within either the first, fourth, or fifth exceptions; nor does it fall under the second; for the defendant’s own showing, does not demonstrate the answer to be false. Does it come within the third ? The affidavits of the plaintiff and James McCarty, to the effect that the plaintiff occupied the premises under an agreement for a lease given to him by James on behalf of himself and his brother John, (they being co-tenants) under an arrangement between themselves, whereby each co-tenant permitted the other to let the premises held in common, and that he had paid to James for.himself and his brother the rent in full up to November 1, 1867, substantiate the truth of the answer. The effect of these affidavits is sought to be overcome by the affidavits of the plaintiff and John Kelly, swearing to admissions made by the defendant; by the affidavit of the .plaintiff, swearing “ that said John McCarty to the time of his death, February 27, 1867, refused to release the said .premises to the said O’Donnell and never did so, and by the affidavit of John Kelly, swearing that the defendant promised to take from the plaintiff a lease, the terms of which were inconsistent with his present claim.
"With respect to the-admissions, the defendant unqualifiedly denies them.
As to the allegation in the plaintiff’s affidavit, the defendant does not claim that John McCarty in person leased the premises to him, but that James did, for himself and his brother John, and there is no denial of this. There is however no denial on the part of the defendant, of the allegation that John refused to lease the premises to him, and no denial of the allegation that he promised to take from the plaintiff a "lease inconsistent with his present *440 claims. These allegations must, therefore, for the purposes of this motion, he regarded as admitted.
The sole question then is, whether these admitted allegations; taken in connection with the other facts sworn to on behalf, of the defendant, are sufficient to stamp the answer as false. I do not think they are. As to the allegation of the refusal of John, assuming it to be true, its effect is to raise nice and somewhat perplexing questions as to the relative rights of tenants in common, which should not be determined on motions of this character. But further than this, James McCarty swears that on a division between him and the plaintiff’ she, the plaintiff", took the premises subject to his agreement with the defendant, she then well knowing that the rent had been paid up to ¡November 1. If so, she cannot avail herself of John’s refusal. Even assuming that this statement of James is denied, still it raises a question of fact upon an averment which avoids the effect of the admitted allegation, which is .as effectual to prevent the answer from being regarded as sham, as if the admitted allegation had been' itself denied.
As to the promise to take a lease from the plaintiff, this fact, standing admitted, is certainly evidence antagonistic to the truth of the answer. But it is not an express admission; it is an admission arising from the want of a denial of a matter averred. I cannot, upon such an admission, wholly disregard the affirmative allegations positively sworn to by both the defendant and James McCarty, in direct conflict with it. The admission of facts necessary to bring a case within the third exception, is required to be clear and definite^ without any thing appearing which materially detracts from their force.
Erom these views it follows that the present case does not fall within the third exception.
*441 The case not falling within any of.the. exceptions, the motion should have been denied.
The order below must be reversed, and the motion denied with $10 costs of opposing the motion, and $10 costs on appeal, and disbursements of printing appeal papers and points.
McCunn, J. dissented.
Order reversed.