LAND, J.
The two plaintiffs, in separate actions, sued the defendant for damages for alleged malicious and unfounded criminal prosecutions based on the same charge of obtaining goods under false pretenses.
The plaintiffs were arrested, and incarcerated in jail for five days, and on their trial both were acquitted.
Plaintiffs are negroes, and had been employed as tie makers in defendant’s camp in the parish of St. Charles at the wage of 20 cents per tie.
In March, 1913, plaintiffs left said camp, owing balances for merchandise obtained on orders given by defendant’s foreman, and hired out at an advance of 5 cents per tie to another contractor who operated a tie camp in the same parish.
On March 22, 1913, Arthur Robinson, by affidavit before a justice of the peace of the parish of St. Charles, charged that Joe Jackson did in the month of March, 1913, obtain goods under false pretenses to the amount of $12 in said parish. The owner of the goods was not named in the affidavits.
On May 6, 1913, the district attorney for the parish of St. Charles filed an information against Joe Jackson charging him with obtaining under false pretenses goods, etc., from one A. Levy.
On May 12, 1913, Joe Jackson was tried under said information and was acquitted.
A similar affidavit and information were filed against Joe Moliere for obtaining goods to the amount of $16.50 under false pretenses, and he also was acquitted on the same trial.
These suits for damages were filed in November, 1913.
The main defense set up in the answer is that Arthur Robinson, the negro foreman of the defendant, was not authorized by him to make said criminal charges against the plaintiffs, coupled with a special denial of knowledge on the part of defendant of the institution and prosecution of said criminal proceedings.
The cases were tried, and judgment for $500 was rendered in favor of each of the plaintiffs. Defendant has appealed.
The first question in logical order is whether the defendant authorized said criminal proceedings.
The defendant testified in substance:
That he resided in the city of New Orleans, and had been engaged in the tie and timber business for a number of years, and that he was also engaged in real estate operations, including the reclaiming of wet lands.
That he operated a number of tie camps, through a manager, and employed in that business on an average of about 300 men, all colored.
That B. A. Webb was his manager during the year 1913, and as such employed Arthur Robinson as foreman at the St. Rose tie camp, in the parish of St. Charles.
That defendant never gave Arthur Robinson any instructions as to his duties as foreman, and never in any way, shape, or manner, instructed or authorized him to make charges against the plaintiffs.
That every month about 5 per cent, of defendant’s tie makers jump their jobs owing him money, and he had never caused any of them to be arrested, or ever entered a civil suit against any of them.
That Arthur Robinson never informed defendant of the arrest of plaintiffs, and defendant was ignorant of that fact when their accounts were settled.
That said Robinson had left defendant’s service several months before the trial of the suits, and could not be found.
B. A. Webb, manager, testified that he did *749 not know that any arrest had been made, or was going to be made; that he never at any time, advised or instructed Arthur Robinson to make criminal charges against the plaintiffs or either of them; and that the defendant never at any time instructed him to make or cause to be made any such criminal charges.
Arthur Robinson was not a witness on the trial of the present suits, hut the plaintiffs offered his testimony taken on the trial of eases of the State v. Jackson and State v. Moliere.
Defendant objected to the offer of such testimony on the grounds:
“That it was res inter alios acta.
“That defendant had no opportunity to cross-examine the witness.
“That the testimony was hearsay, and not binding upon the defendant.”
These objections were overruled, and said testimony was admitted.
This ruling was clearly erroneous. The defendant was no party to the criminal prosecutions, made no appearance at the trial, and had no opportunity to cross-examine the witness. See Reynolds v. Rowley, 2 La. Ann. 890; Stockmeyer v. Weidner, 32 La. Ann. 107; Greenleaf on Evidence (16th Ed.) vol. 1, § 553, p. 676.
Whether or not Robinson was authorized by the defendant to make the affidavits cut no figure whatever in the trial of the criminal cases.
Excluding the said testimony of Robinson, there is no evidence in the record to contradict the direct and positive statements of the defendant and Ms manager that neither of them had given to the said Robinson any instructions or authority whatsoever to charge the plaintiffs with the offense of obtaining goods under false pretenses.
As Robinson had no authority to represent the defendant, it follows that all of his acts and declarations in the premises were res inter alios acta as to the defendant.
The burden of proof was on the plaintiffs to clearly show that Robinson had express or implied authority from the defendant to have the plaintiffs arrested. Yara v. Quigley Const. Co., 114 La. 261, 38 South. 162.
Excluding the ex parte testimony of Robinson, there is not even the beginning of such proof in the record.
It is therefore ordered that the judgment appealed from in this case (Jackson v. Brady, No. 21220), be reversed, and it is now ordered that plaintiffs’ suit he dismissed, with costs in both courts.