## M WERK CO v MARTIN

Ohio Appeals, 2nd Dist, Franklin Co

No 2396. Decided Aug 17, 1934

Dolle, O'Donnell & Cash, Cincinnati, and Arnold, Wright, Purpus & Harlor, Columbus, and J. B. O'Connell, Columbus, for plaintiff in error.

Wilson & Rector, Columbus, for defendant in error.

MONTGOMERY, J, (5th Dist) sitting by designation.

admitting this testimony. It must be borne in mind that at the time of the trial the acion had abated as to Mercer and the cause was proceeding as against the Werk Company alone. If Mercer had been the defendant, his testimony in the Municipal Court might have been presented as a declaration against interest. This rule could not be given application against the Werk Company until it was shown that the act of its agent, Mercer, in the instituting of the prosecution was within the scope of his authority. We recognize that a corporation is an entity that acts through its officers, servants and employees. Either bind the corporation when acting within the scope of authority.

The scope of authority of a representative is determined in the first instance from his contract of employment. In addition to the express authority, certain things are implied from the very nature of the contract of representation. This is sometimes referred to as apparent authority.

It needs no citation of authority in announcing another rule that agency may not be established through the declaration of the agent, and it is equally true that the scope of the authority of an agent can not be determined from his declarations.

The fact that this testimony was taken in a court of record adds nothing to the argument for admissibility as against the defendant the Werk Company. In order for testimony taken in one case to be admissible in another, it must appear that the action in both cases was between the same parties and touched the same subject matter and where opportunity for cross-examination is given to the party against whom it is offered in the second case. **Summons v State, 5 Oh St 325.** We do not have that situation in the instant case. In the first case the State of Ohio was plaintiff and James B. Martin, defendant. In the instant case, James B. Martin is plaintiff and the M. Werk Company, defendant. Aside from the rule of declarations against interest, this evidence would not have been admissible as against the defendant Mercer for the reason that the two actions are not between the same parties.

This principle is very clearly announced in the case of Harger v Thomas, 44 Pennsylvania, 128:

"A criminal prosecution though instituted by an individual is not in any sense an action between the person instituting it and the prisoner. It is not an action at all. The issue is between the Government and the prisoner on the question of the guilt

**OPINION**

By BARNES, J.

We think the trial court was in error in

or innocence of the latter. * * * If Harger had been acquitted on the trial of the indictment in Washington County it would hardly have entered into the imagination of anyone that the record would have been received in evidence between him and the defendants, or that the testimony of deceased witnesses, examined then in his favor would have been evidence in this case."

Counsel for plaintiff in error cite the following additional cases, all of which sustain our conclusion that the testimony taken in the Municipal Court was not admissible:

Jackson v Brady, 140 La., 746 (73 So. 850);

Milane v Sanders, 143 Tenn., 602; (228 SW 702);

Marcinkiewicz v Kutawich, 87 Pa. Sup. Ct., 260.

The second ground of error relates to the testimony of several witnesses who were permitted, over the objection of the defendant Werk Company, to testify to claimed statements that Mercer made to them to the effect that the president of the defendant company had directed Mercer to have Martin arrested.

It is our conclusion that the introduction of this testimony was improper and prejudicial in its character. We arrive at this conclusion for the reason that aside from these alleged declarations there was no evidence that the same were made within the scope of his authority.

When there is eliminated the improperly presented evidence 'of the testimony before the Municipal Court and sundry witnesses, as to claimed statements of Mercer, there remains no testimony, either express or implied, tending to show that Mercer's act in instituting the prosecution was within the scope of his authority. On the contrary, there is the positive evidence of' Mercer as contained in his deposition and introduced by counsel for Martin, that he acted wholly upon his own volition. The evidence of these sundry witnesses can not even be considered as impeaching testimony, for the reason that the foundation was not laid in the cross-examination of Mercer. There are circumstances in which the admissions and statements of an agent are admissible. Text under the Ohio rule may be stated as follows:

"The admissions and statements of an agent, assuming agency to have been established, when made within the scope of his authority, with regard to a transaction pending at the very time, bind the principal and are admissible against him, statements so made being a part of the res gestae."

17 Ohio Jurisprudence, 323-358; et sub. and cases cited.

Applying this principle to the instant case, we find that there was evidence establishing that Mercer was a division manager for the Werk Company and had charge of the territory in which plaintiff worked. He employed and discharged the salesmen, directed them as to territory and method of selling, had charge of the local warehouse, ordered merchandise in and out of it; in short, he had the usual duties and authority of a division manager. He had no authority to extend credit. All sales were cash, or where credit was desired this was passed upon by the home office, and not by Mercer, or any of his salesmen. It can not be said that under such an authority there would be the implied or apparent authority on the part of the district manager to institute criminal proceedings against a salesman, charging embezzlement for funds not turned in. The instituting of criminal proceedings for the purpose of making collection, is obnoxious and illegal under the law, and hence it would be improper to read into an agency contract an implied authority to do a thing which is unauthorized under the law.

It would therefore follow that before the Werk Company could be held liable it must be shown that it directed the prosecution to be instituted. If we assume that the prosecution was instituted for the sole purpose of bringing an offender to justice, we are still confronted with the same conclusion that the prosecution could not be, under the facts of this case, within the apparent authority of the agent. As heretofore stated, there is no evidence of an express authority, but, on the contrary, the only legal evidence presented is to the effect that Mercer instituted the prosecution of his own volition. The affidavit upon which the warrant for embezzlement was issued charged the defendant with embezzling the property of Mercer. No reference is made to the M. Werk Company in the affidavit.

Counsel for defendant in error cite the case of **Kinbark v Timken Roller Bearing Company, 115 Oh St, 161, first syllabus.** This case is readily to be distinguished in that it is disclosed from the opinion and in the syllabus that A. received and retained the property, and therefore what was said in the presence of the agent would be competent in a suit for conversion. This is following the well recognized principle

that one can not receive the fruits of a transaction through an agent and then question the admissibility of what was said through which the property was finally acquired. The question as to the admissibility of this evidence is clearly determined against its competency in the case of **Bradford Belting Company v Gibson, 68 Oh St, 442, Syllabus 3:**

"An agent can not enlarge his own authority by an unauthorized representation as to its extent; and proof of the statement by the secretary of a corporation that the corporation would not perform a contract and that he was authorized by the directors and stockholders to so state, is not competent evidence to bind the corporation, without otherwise showing authority from the corporation to the secretary to make such statement in behalf of the corporation."

This brings us to proposition 3, wherein it is claimed that the court erred in failing to sustain defendant's motion to direct a verdict at the close of plaintiff's testimony and renewed at the close of all the testimony.

This ground of error was further saved by defendant filing motion to enter judgment for defendant notwithstanding the verdict, and all set forth in the motion for new trial.

After eliminating the improperly admitted testimony referred to under propositions 1 and 2 above, we find nothing remaining on which the verdict and judgment can be sustained.

There is a failure of any competent evidence that the defendant company authorized or had anything to do with the criminal prosecution.

It is our conclusion that the trial court should have directed a verdict in favor of the defendant, and now coming to enter the finding that the trial court should have entered, we enter judgment in favor of the defendant, at the costs of plaintiff.

Arriving at this conclusion, it is unnecessary to discuss alleged errors listed in brief under propositions 4, 5 and 6.

Entry may be drawn in accordance with this opinion.

HORNBECK, PJ, and MONTGOMERY, J, concur.