## CITIZENS' BANK & TRUST CO. v. JONES.

### No. 4996.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1935.

Goff & Goff, of Arcadia, and Scarborough & Barham, of Ruston, for appellant.

Elder & Elder, of Ruston, for appellee.

DREW, J.

On May 11, 1934, the Citizens' Bank & Trust Company, of Ruston, La., instituted this suit against R. L. Jones on a promissory note made by Jones to the Bank of Simmsboro in the sum of $611, with 8 per cent. interest per annum from October 1, 1932, until paid, and 10 per cent. upon both principal and interest as attorney's fees. The note was acquired by petitioner for value from the Bank of Simmsboro and was made payable October 1, 1932. Petitioner also alleged there was pledged by Jones to secure the payment of the note several chattel mortgage notes made payable to the said Jones.

On June 8, 1934, defendant filed answer in which he pleaded payment of the note sued on, and prayed that petitioner be ordered to return to him the said note and the pledged notes attached thereto.

On the issues, as above set forth, the case was tried on September 4, 1934, and taken under advisement by the court.

On September 6, 1934, a motion to substitute parties plaintiff was filed. It reads as follows:

"I. Applicants are all residents of Lincoln Parish, Louisiana.

"II. Add Thompson, B. H. Rainwater and T. L. James are liquidators of the Citizens Bank & Trust Company.

"III. O. E. Hodge, T. L. James and J. S. Hunt are trustees of the stockholders of the First National Bank of Ruston.

"IV. O. E. Hodge and J. S. Hunt did acquire from the said liquidators and from the said trustees, by authentic act on July 31, 1934, title to the note made the basis of the above numbered and entitled cause, as well as the collateral notes described in the petition of Citizens Bank & Trust Company filed in said cause, together with all other property of the said Citizens Bank & Trust Company.

"V. The said trustees and the said liquidators acted pursuant to authority vested in them by stockholders of Citizens Bank & Trust Company and stockholders of First National Bank of Ruston in conveying said property to the said O. E. Hodge and J. S. Hunt.

"VI. The said O. E. Hodge and the said J. S. Hunt should be substituted as parties plaintiff and in lieu of Citizens Bank & Trust Company in the above numbered and entitled cause.

"Wherefore, applicants pray that this motion be filed and allowed and that there be judgment herein substituting O. E. Hodge and J. S. Hunt as parties plaintiff in lieu of Citizens Bank & Trust Company in suit No. 9995 of the docket of the Third District in and for the Parish of Lincoln, State of Louisiana, said cause being entitled 'Citizens Bank & Trust Company v. R. L. Jones.'

"Further pray that there be judgment in said cause in favor of the said O. E. Hodge and J. S. Hunt as prayed for in the petition filed by Citizens Bank & Trust Company;

"Further pray for all general and equitable relief, and for all necessary orders and decrees."

This motion was fixed for trial for the following day, at which time defendant filed exceptions of no cause and right of action to the motion to substitute, and also as to the original plaintiff in the suit, based on the pleadings filed. The exceptions were overruled; the motion tried and allowed, over the objection of defendant, and on October 22, 1934, judgment was rendered in favor of the substituted plaintiffs and against defendant as prayed for. From this judgment defendant prosecutes this appeal.

On the trial of the motion to substitute parties plaintiff there was offered and filed three authentic instruments showing that the entire assets of the Citizens' Bank & Trust Company were transferred to the plaintiffs. The acts were passed on July 31, 1934, more than a month prior to the date of the trial of the case. Therefore, when the trial was had, the original petitioner had no interest in the litigation and no right to litigate over the note, the true owners at the time of the trial being the parties who were substituted as plaintiffs after the trial had been held. The result was that defendant was forced to litigate with the plaintiff who had acquired his note before maturity, when in fact the true owners and possessors of the note had acquired it after maturity. In the act transferring all the property of the Citizens' Bank & Trust Company to the present plaintiffs, there is no mention made of the present lawsuit. If defendant had been informed of the fact that the present plaintiffs were the owners of his note and they had been made parties plaintiff prior to the trial, as they should have, he probably could and would have urged a different defense from that urged against the original petitioner. At least, different testimony would have been admissible from that which was admissible against the original petitioner. Defendant was entitled to have the case tried contradictorily with the rightful owners of his note.

We find no merit in the exception of no cause and no right of action.

It is necessary to set aside the judgment of the lower court and to remand the case to the lower court to be tried contradictorily between the substituted plaintiffs and defendant, the same as if said plaintiffs had been substituted prior to the trial, and it is so ordered; costs of appeal to be paid by appellee and other costs to await final determination of the case.