**CITIZENS BANK & TRUST CO. et al. v. JONES et al. ***

No. 5254.

Court of Appeal of Louisiana. Second Circuit.

April 30, 1936.

C. E. Barham, of Ruston, for appellants.

Elder & Elder, of Ruston, for appellees.

DREW, Judge.

This is a suit on a promissory note and has been before this court once before. 160 So. 186, 187. In the former trial of this case below, the plaintiff was the Citizens Bank & Trust Company, and, after conclusion of the testimony, the present plaintiffs, O. E. Hodge and J. S. Hunt, were substituted as parties plaintiff and judgment was rendered in favor of the substituted plaintiffs in the amount prayed for.

On appeal to this court, we set aside the judgment and remanded the case to be tried contradictorily with the substituted plaintiffs. In the course of our opinion, we said:

"On the trial of the motion to substitute parties plaintiff there was offered and filed three authentic instruments showing

that the entire assets of the Citizens' Bank & Trust Company were transferred to the plaintiffs. The acts were passed on July 31, 1934, more than a month prior to the date of the trial of the case. Therefore, when the trial was had, the original petitioner had no interest in the litigation and no right to litigate over the note, the true owners at the time of the trial being the parties who were substituted as plaintiffs after the trial had been held. The result was that defendant was forced to litigate with the plaintiff who had acquired his note before maturity, when in fact the true owners and possessors of the note had acquired it after maturity. In the act transferring all the property of the Citizens' Bank & Trust Company to the present plaintiffs, there is no mention made of the present lawsuit. If defendant had been informed of the fact that the present plaintiffs were the owners of his note and they had been made parties plaintiff prior to the trial, as they should have, he probably could and would have urged a different defense from that urged against the original petitioner. At least, different testimony would have been admissible from that which was admissible against the original petitioner. Defendant was entitled to have the case tried contradictorily with the rightful owners of his note."

We were possibly in error in so holding, but the judgment rendered therein has now become final and has been fully acquiesced in by plaintiffs, and we are powerless to correct it now. Our error, if we were in error, was due to the fact that the substituted plaintiffs in their petition to be made parties alleged they had acquired the note and did not allege they had acquired a litigious right, and same was not urged by the defendant. When the case was again docketed in the lower court, the plaintiffs filed a supplemental petition in which they set out that certain credits had been made on the note, as received from the collateral notes attached thereto, in the bankruptcy proceedings of the maker of said collateral notes.

To this petition defendant filed an exception of no cause of action, based upon the fact that he had not been cited to appear and answer the original suit, since the present plaintiffs were substituted for the original plaintiff. The exception was properly overruled. There is no need

and no requirement of law for an additional citation and service. The present plaintiffs merely took up the case where their predecessors left it, and with respect to both the benefits and burdens of their predecessors.

Defendant also filed an exception of vagueness in which he prayed that plaintiffs be ordered to amend their petition by setting out the amount paid for the litigious right. To this plea, plaintiffs answered and alleged they paid $611, the face value of the note.

Defendant then filed another exception of no cause of action, which was overruled; then answered plaintiffs' supplemental petition denying all the allegations made therein.

At this stage of the case, plaintiffs filed a rule on defendant to show cause why the testimony in full taken on the former trial of the case should not be used in the second trial, with reservation to both plaintiffs and defendant to introduce any other testimony they so desired on such issues as might be involved in the case between the substituted plaintiffs and defendant, and that were not involved in the case between the original plaintiff and defendant.

To this rule defendant filed an exception of no cause of action, then answered, the pertinent parts of his answer being as follows:

"6. Your defendant further answering the demands of the plaintiff in this motion, with respect shows: that at the trial of this case in the first instance the firms of Scarborough & Barham and Goff & Goff represented the defendant and that Messrs. Truett L. Scarborough and Ralph Goff, members of said firm, handled the trial in the first instance for your defendant, and your defendant now shows that Charles E. Barham, who is now employed by your defendant in this case, did not handle the trial in the first instance and was not acquainted with the facts and allegations at the time of the trial of this case in the first instance, and since the date of the trial in the first instance, the said Charles E. Barham, who was formerly a member of the firm of Scarborough & Barham, the said partnership having dissolved on the 1st day of April, 1935, is now your respondent's attorney in this case.

"7. Your defendant now shows that the said Charles E. Barham has, since the date

of the trial of the case in the first instance, made himself familiar with the pleadings, evidence and all facts in connection with this case and that the said Charles E. Barham represented your defendant in the Circuit Court of Appeal, Second Circuit of Louisiana, and it was through his efforts that the Honorable Circuit Court of Appeal, Second Circuit, reversed the judgment of the trial court in the first instance.

"8 Your defendant further shows that his attorney presently employed should have the opportunity and right to cross-examine all witnesses appearing in the trial of this case and your defendant should have the right to be confronted with said witnesses and to deny your defendant of this right would be denying him of his property and rights without due process of law in violation of the Federal Constitution and also in violation of the Constitution of the State of Louisiana."

The rule on the face of the papers was made absolute by the lower court.

On the trial of the case, plaintiffs offered the former testimony of all witnesses who formerly testified for plaintiff, and same was allowed over the objection of counsel for defendant, which objection was the same as set out in his answer to the rule, and the further objection that a trial on said former evidence would not constitute a trial contradictorily with the present plaintiffs, as so ordered by the former judgment of this court.

Plaintiffs further offered the minutes of the court of the term of the former trial, which were allowed over defendant's objection. They then offered testimony dealing solely with the credit made on the note, how said credit was made and how the funds came into plaintiffs' hands from the receiver in bankruptcy in the matter of Rufo Spencer, the maker of certain collateral notes attached to the note sued on. Reserving his rights under his objection, defendant offered the former testimony of all witnesses who testified in his behalf on the former trial. There was no other testimony offered in the case.

The lower court awarded judgment for plaintiffs as prayed for, less a credit of the amount received by plaintiffs from the bankruptcy proceeding of Rufo Spencer, with interest from the date of said note and 10 per cent. attorney's fees, on both principal and interest.

Defendant perfected an appeal from this judgment and, among other alleged errors, seriously contends that the lower court erred in admitting the testimony taken on the former trial. Since we are convinced that defendant's contention is correct in this respect, it is unnecessary to discuss the other contentions at this time.

22 Corpus Juris 431, states: It is universally agreed that the party seeking to use the former testimony must show that it is impossible for him to procure the attendance and testimony of the witnesses, and numerous authorities go even further and require a showing that it has been made to secure the deposition of the witnesses for use on the trial.

22 Corpus Juris, 433, 434, provides: Former testimony may be received where the witness is beyond the jurisdiction of the court, or the party offering the evidence has made diligent but fruitless efforts to locate the witness, and it has been impossible to secure his deposition for use on the trial. But it is incumbent on the party seeking to introduce the former testimony to show the existence of these circumstances, failing in which the evidence cannot be received.

State v. Wheat, 111 La. 860, 35 So. 955.

The syllabus in this case correctly reflects the holding of the court on the original hearing:

"6 It is not alone where the witness is dead, nor permanently absent from the state, that his testimony taken on preliminary examination, with opportunity of cross-examination, can be offered in evidence.

"7. The rule is broad enough to admit testimony so taken in cases where, due diligence having been used, it is made manifest that the witness has been sought for and cannot be found, or is shown to have become insane, or if it be proved that he was subpœnaed and on account of severe illness or great physical infirmity he cannot attend the court and testify."

In Rierdon v. Thompson, 5 La. 364, the court, in passing on a similar question, said:

"It appears by the record, that the judgment from which the present appeal is taken, was rendered on a second trial. On the first trial, a synopsis of the testimony was made to serve as a statement of facts, in the event of an appeal; but in

consequence of a new trial having been granted, no appeal was taken. The testimony thus abridged, was acknowledged to be correct, and signed by the counsel of the parties, who acted on the first trial. It was offered in evidence, by the plaintiff, at the second, and admitted, under a bill of exceptions taken by the defendant.

"This evidence was excepted to, on the ground that the witnesses, or some of them, whose testimony it purports to contain, as taken down in writing on the first trial of the cause, were present in court, at the time of the second trial.

"We think the judge a quo erred in admitting this evidence. It was not the best in the power of the plaintiff to produce. A reexamination of the witnesses before the jury would have been better. And as they seem to have been within the jurisdiction and control of the court, their testimony taken on the former trial, ought not to have been received, according to the rule of evidence, which requires the best to be adduced which the nature of the case admits.

"The only principle on which these depositions could be legally admitted, would arise out of the impossibility to re-examine the witnesses in open court, on account of their absence from its jurisdiction, or some other cause of equal force."

To the same effect is the holding in Conway v. Erwin, 1 La.Ann. 391; Wafer v. Hemken, 9 Rob. 203; Clossman v. Barbancey, 7 Rob. 438; Hunter v. Smith, 6 Mart.(N.S.) 351; Cannon v. White, 16 La. Ann. 85; Reynolds v. Rowley, 2 La.Ann. 890, cited with approval in Jackson v. Brady, 140 La. 746, 73 So. 850.

From a careful analysis of these decisions and others, we conclude that the former testimony admitted in this case was erroneously admitted for the reason that it was not shown by plaintiffs that the witnesses and their testimony, used in the former trial, could not have been secured had the proper diligence been used. They were not shown to have been dead, sick, insane, out of the state or the jurisdiction of the court.

Plaintiffs contend that, without any of this testimony, they are entitled to judgment as prayed for, for the reason that defendant admitted executing the note, which admission was sufficient to make out a prima face case for plaintiffs, and since there is no evidence of payment, which was defendant's defense, when the evidence of the former trial is excluded, plaintiffs should have judgment. We cannot agree with this contention for the reason that defendant was justified in standing on his objection to the inadmissible evidence and his right to cross-examine the witnesses offered by plaintiffs. It would be unjust to hold that defendant is deprived of his right to make whatever defense he has because of the erroneous ruling of the lower court. Under the lower court's ruling, if defendant had offered the witnesses who formerly testified in his behalf, for the purpose of proving that which was shown by the former testimony, it would have been subject to the objection that it was only a repetition of that which was already in the record and, in the discretion of the lower court, could have been held inadmissible. In order that justice may be done to all parties concerned, the case will have to be remanded to be tried in accordance with our finding here.

Counsel for plaintiffs contend that the former opinion of this court clearly indicates that the case was to be retried, partially at least, on the former testimony. We admit the construction placed on our former opinion might have been reached from a reading of it, but be that as it may, the court is without power through any of its decrees to alter or change for one particular case the universal rules of evidence applicable to such cases.

It is therefore ordered and decreed that the judgment of the lower court is set aside and the case remanded to the lower court to be tried in accordance with the views herein expressed; cost of appeal to be paid by appellees, as well as the cost of the last trial in the lower court; all other costs to await the final outcome of the case.