DORÉ, Judge.
This is a suit for alleged slander of title wherein plaintiff alleges ownership of Lot No. I in Square No. 79 in Ward I *602 of the Parish of Ascension, known as Port Barrow. The defendant in his answer asserted that he was the owner of the property by reason of a recorded sale from J. C. Dicharry et als. to- him dated June 24, 1936 and recorded in COB 74, at folio 489 of Ascension Parish, and because of said answer the suit was in effect converted from an action of slander of title into a petitory action. In his original petition the plaintiff -prayed for the cancellation of the sale from J. C. Dicharry to the defendant and for Five Hundred ($500) Dollars damages. Later plaintiff waived his claim for damages 'but on the date of the trial filed a -plea of prescription of thirty (30) years, both acquisitive and libera-tive against the averment of the defendant in his answer that -defendant was the owner of the property in question.
The suit involves two prior proceedings, to-wit: Joseph Casso, Jr. v. Joseph Sanchez et als., No. 4480 of the Civil Docket of-the Twenty-third Judicial District Court in and for the Parish of Ascension, and Joseph Casso, Jr. v. Harvey J. Ti-uxillo, No. 6214 of the Civil Docket of said court.
In suit No. 4480, Joseph Casso, Jr., judicially admitted that the property involved was in the actual physical possession of Joseph Sanchez et als. and in that suit prayed that his title from J. C. Dicharry et als. be recognized! and that Joseph San-dhez et als. be forced to surrender possession of the property. That suit was filed on August 25, 1936 and a note of evidence was thereafter taken in the case and some nine (9) years after the taking of said note of evidence, said suit No. 4480 was dismissed for lack of prosecution under Article 3519 of the Civil Code.
Subsequent to the dismissal of suit No. 4480, Joseph Casso-, Jr., filed suit No. 6214 against Harvey J. Truxillo under the provisions of Act No. 38 of 1908, LSA-RS 13:5062. To this suit, Harvey J. Trux-illo filed an exception of no right or cause of action and a plea of estoppel based on the allegations of Joseph Casso, Jr., in suit No. 4480, wherein it was judicially admitted 'by Casso that the actual corporeal possession of said Lot I, Square 79 was in Joseph Sanchez et als.; that Joseph Sanchez et als. had sold the property to Harvey J. Truxillo on January 16, 1947, a copy of which sale plaintiff attached to his petition and made it part thereof. In that suit the court held, that plaintiff having judicially admitted and declared, a-s stated above, that defendant and his authors in title were in the actual corporeal possession of the property in dispute, that the exceptions were well founded and should therefore be maintained.
The records in suit No. 4480 and 6214 were admitted in evidence by the trial court over the objections of the defendant Joseph Casso, Jr., and in addition thereto, a note of evidence was taken in the case at bar and thereafter for written reasons assigned, the trial court rendered judgment recognizing the prescriptive title of Harvey J. Truxillo on Lot I, Square 79 inWard I of the Parish of Ascension, known as Port Barrow, and -ordering the cancellation of the sale from J. C. Dicharry et als. to Joseph Casso, Jr., dated June 24, 1936, recorded in COB 74, at folio 489 of Ascension Parish. The defendant has appealed.
The trial court made the following finding of fact:
“The evidence abundantly shows that the Sanchez family was in actual, corporeal possession of this lot from the early 1890’s to 1918, and from 1918 to 1947 when they conveyed the property to plaintiff in this-suit, they possessed through various tenants.
ifc % Jji
“It is the Court’s opinion that * * * the Sanchez family had personally possessed this lot from the early 1890’s to-1918, and subsequent to 1918 through various tenants to January 16, 1947, when they sold both lots one and two to plaintiff, Truxillo, at which time the Sanchez family had long since acquired prescriptive ownership of lot number one.”
After a careful review of the evidence we can find no manifest error in that finding of fact. The -preponderance of the evidence is to the effect that the authors in title of the plaintiff Harvey J. Truxillo,. *603 to-wit, the Sanchez family, had the actual corporeal possession of the lot in question for more than thirty (30) years. The defendant Joseph Casso, Jr., produced the testimony of several witnesses to the effect that they had resided in the neighborhood for many years and that the said lot had always been a vacant lot, but this evidence, as found by the trial judge, was strictly of a negative character and did not show a single act of possession by the defendant or by his authors in title. On the other hand, we have the positive evidence of several witnesses, including the testimony of Loretta Doran and Mrs. Frank Allen that both lot 1 and 2 of Square 79 were actually possessed by the Sanchez family for a period of more than thirty (30) years. Moreover, as set forth hereinabove, the actual corporeal 'possession of the Sanchez family was judicially admitted by defendant Casso in prior proceedings.
Of course, it is contended 'by the -defendant that the testimony in the former suits were inadmissible in the suit at bar and particularly the record in suit No. 4480 for the. reason that the court stenographer in that suit made a certificate as to the note of evidence subsequent to the time that his term, of office had expired. We can see no reason why the court stenographer was incapable of making a certificate nunc pro tunc.
Moreover, the contention of the defendant is well answered by the plaintiff in his brief as follows:
“Testimony of a witness in a previous suit between the same parties for the same cause of action, where there, has been .an opportunity for cross-examination, may -be used by either party if the witness be dead, or absent, or for other cause cannot be produced. Hennen v. Monro, 4 [Mart.], N.S., 449; Miller v. Russell, 7 [Mart.], N.S. [266], 267; Noble v. Martin, 7 [Mart.], N.S. [282], 283; Williams v. Bethany, 1 La. [315] 320; Lopez’ Widow and Heirs v. Berghel, 15 La. [42], 43; Conway v. Erwin, 1 [La.] Ann. 391; 1 Hennen’s Digest, p. 506, XI, 2.
“ ‘Complete mutuality or identity of all the parties is not necessary to admit testimony in a former suit. It generally suffices if the issue be the same, and the party against whom it is offered had full power of cross-examination.’ Clossman v. Barbancey, 7 Rob. 438; Union Bank v. Jones, 4 [La.] Ann. [220], 221; Taylor v. Paterson, 9 [La.] Ann. 251; Code of Practice, 440.”
All the testimony considered by the trial court in arriving at his conclusion that a title based on thirty (30) years possession by plaintiff Truxillo and his authors in title, the Sanchez family, was subject' to all the rules of evidence in suit No. 4480 including the right of cross-examination. Besides that, although it may not be material, it i's shown by the evidence that the defendant was fully apprised of the availability of the living witnesses in suit No. 4480 but that he did not choose to call them for re-examination.
The defendant in his brief sets forth that the plaintiff cannot maintain a slander of title suit herein for the reason that he did not have the real and actual possession of the property at the instant when the disturbance occurred; that this suit was filed on May 3, 1949 attacking the sale from J. C. Dicharry et als. of June 24, 1936 to the defendant Joseph Casso, Jr. The answer to that contention is that the defendant, as set forth hereinabove, by alleging his title from Dicharry et als., converted the present suit into a petitory action. The issue then resolved itself into whether or not the plaintiff could sustain the burden of proving the prescription of thirty (30) yeans in his authors- in title.
The lower court, in its well written opinion, came to the conclusion that the plaintiff had sustained that burden of proof, and finding no manifest error in that conclusion of fact, the judgment appealed from is affirmed.